**Doyle J. HIRST, Plaintiff-Appellant,**

v.

**John W. GARDNER, as Secretary of Health, Education, and Welfare, Defendant-Appellee.**

**No. 15412.**

United States Court of Appeals Seventh Circuit.

July 21, 1966.

Archie Lapin, Muncie, Ind., for appellant.

Richard P. Stein, U. S. Atty., David W. Mernitz, Asst. U. S. Atty., Indianapolis, Ind., James Manahan, Asst. U. S. Atty., Southern District of Indiana, Indianapolis, Ind., for appellee.

Before DUFFY, SCHNACKENBERG and MAJOR, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Doyle J. Hirst, plaintiff, has appealed, under 42 U.S.C.A. § 405(g), from an adverse summary judgment of the district court, sustaining a final decision of the Secretary of Health, Education and Welfare.

On February 21, 1962, plaintiff filed an application for social security disability benefits for a period of disability, claiming he became unable to work on November 20, 1960 at the age of 47 years. His application having been denied, plaintiff, on a request for reconsideration, submitted additional evidence and a hearing of the case was held *de novo*, resulting in another holding that he was not entitled to benefits. This decision became the final decision of the Secretary, which was reviewed by the district court.

Plaintiff claims that he presented evidence to show his inability to engage in his past vocational activities because of

physical impairments of permanent or indefinite duration.

While plaintiff's three doctors may have concluded that plaintiff's inactive tuberculosis had been stable for four years before he applied for disability benefits, they based their opinion largely on subjective evidence, but there was uncontradicted objective evidence that plaintiff had recovered his lung capacities.

█ It is defendant's contention, which we find supported by the evidence, that plaintiff's only physical incapacities were not substantial, that they resulted only from his voluntary dissipation of his physical energies by smoking and drinking, and that there were no underlying symptoms indicating that he was not able to rehabilitate himself if he had made a reasonable effort in that direction.

We note that the plaintiff testified and denied that his smoking and drinking habits were excessive. However his own testimony described little more than a run-down condition.

We agree with government counsel when he asserts:

"* * * Even if this [run-down] condition were serious enough to render the claimant physically incapable of working, the evidence that this condition would be improved considerably if the claimant desisted from his smoking and drinking habits entitled the hearing examiner to give little regard to the claimant's run-down condition as well as his other ailments. Impairments resulting from alcoholism or other harmful habits and curable by abstinence do not qualify a claimant for social security disability benefits. * * * *"

█ We note that the examiner made a finding that plaintiff could have operated a machine shop as he had done from 1956 to 1958. It was not necessary for the examiner to make this finding in view of the determination that plaintiff is not suffering from any substantial impairment. Ward v. Ribicoff, 6 Cir., 309 F.2d 157 (1962). To hold otherwise might indicate that we believe an obligation rests on the Secretary to find a job for plaintiff.

For these reasons the judgment from which this appeal was taken is affirmed.

Judgment affirmed.