Mary CAPRIN, Plaintiff,

v.

**Patricia HARRIS, Secretary of Health and Human Services, Defendant.**

**No. 79–CV–575.**

United States District Court,
N. D. New York.

April 8, 1981.

———

Robert Cohen, Syracuse, N. Y., for plaintiff.

George H. Lowe, U. S. Atty., Syracuse, N. Y., for defendant.

**ORDER**

McCURN, District Judge.

The above matter comes to me following a Report-Recommendation by Magistrate Edward M. Conan, duly filed the 11th day of August 1980. Following ten days from the service thereof, the Clerk has sent to me the entire file, including any and all objections filed by the parties herein.

The Report of Magistrate Conan finds that the Secretary's decision was supported by substantial evidence and accordingly he recommends that the plaintiff's motion for judgment on the pleadings be denied and defendant's motion for the same relief be granted and that the complaint be dismissed.

At the onset, the Court notes that due to a Court administrative oversight, the Magistrate at the time of his review did not have the benefit of having before him the Memorandum of Law and Fact submitted by plaintiff's counsel. This Court, however, has reviewed same and takes cognizance thereof herein.

The Magistrate's finding that the record on review supported the ALJ's determination that the plaintiff was not under a disability appears to have been predicated, at least in part, by evidence in the record that plaintiff had failed to follow the recommendation of her physician to stop smoking and that such failure was causally related to her underlying disability, i. e., lung disease.

The ALJ had concluded from the evidence presented at the hearing that the plaintiff was not disabled for purposes of the Social Security Act because plaintiff was amenable to treatment which might have restored her ability to work and that such treatment included, among other things, her abstinence from smoking; that her failure to follow her physician's directions concerning same constituted a willful failure to do so and prevented a finding

of disability under the Act. The Magistrate obviously concurred in this finding.[1]

The difficulty this Court finds in adopting the conclusions of the ALJ and Magistrate Conan in this case is that they, of necessity, are based on basic assumptions that:

1. the condition plaintiff suffered from was causally related to smoking and was curable, at least to some degree, by abstinence; and

2. the plaintiff's failure to abstain was voluntary.

However, it appears that subsequent to the ALJ's decision further reports were received from her attending pulmonary specialist, Dr. Thomas Aiello, wherein he opined that plaintiff has a "severe underlying airways obstruction that is chronic." Dr. Aiello at the time of his examination post ALJ hearing on April 2, 1979, observed that there was a question as to the reversible component of her disease and recommended further treatment which might lead to a more definite determination as to what reversibility, if any, there was.[2]

Dr. Aiello, at the completion of this treatment, reported on April 23, 1979, that although he found a small reversible component his conclusion was that plaintiff had severe underlying airways obstruction, a chronic condition which would not allow her to return to work.

■ It would thus seem to this Court that there is a lack of certainty in the record before it as to just what part the plaintiff's smoking plays in her current disability and as to whether or not a cessation of smoking would result in a significant, if any, change in her condition and her disability. It is significant that in the *Emler* decision, upon which the Magistrate, at least in part, predicated his Report-Recommendation, the opinion of the treating physician that the plaintiff was totally disabled was based "in part on the fact that plaintiff is still smoking" and that Court's observation that "both the respiratory ailment and the blackouts were connected to plaintiff's smoking habits, noted the doctor, and would improve if he quit." 462 F.Supp. 109 at 114.

Therefore, as the Court stated in *Tritt v. Richardson*, 320 F.Supp. 871 (W.D.Va.1970), "the court believes that the matter should be remanded to the Secretary for the purpose of taking evidence and making findings as to the effect of this smoking on the claimant's residual capacity for substantial gainful activity and its effect on his (her) prospect for an improved condition" at p. 873.

■ In addition, the Court believes that the ALJ should inquire in more detail as to the degree of voluntariness in this plaintiff's refusal to cease smoking. There is considerable support in recent medical literature for the proposition that smoking under some circumstances is a "disease" similar to "alcoholism".[3]

1. "Moreover, this Court notes that plaintiff's failure to stop smoking militates against a finding of disability. *Emler v. Califano*, 462 F.Supp. 109, 114 (D.Kans.1978)." Report-Recommendation, Magistrate Edw. M. Conan, Aug. 8, 1980.

2. "This lady certainly has severe airways obstruction and as noted on the prior pulmonary function test, has at least a small reversible component. I think she has tried very diligently to stop smoking and has managed to decrease her smoking to eight to ten cigarettes per day. The only way that we are going to be able to determine reversibility is with a steroid trial. For that reason, I have placed her on Prednisone, 30 mg. every morning for a period of two weeks. Before this is started, I have scheduled her for a 2 hour post prandial blood sugar. At the end of the two weeks I will see her in the office for repeat clinical assessment and repeat her pulmonary function studies. If there is marked improvement then discussion as to whether or not she can work will have to be entertained. If there is little improvement and her pulmonary function remains severely compromised I would be willing to say that most of her disease is chronic and that she could not and will not return to work."

3. THE INTERNATIONAL CLASSIFICATION OF DISEASE, Ninth Revision, January 1, 1979, "Tobacco Use Disorder" (Tobacco Dependence) (305.1); DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, Third Edition, (DSM III) (1980) "Tobacco Dependence", (305.1X). Memorandum of Law on Behalf of Plaintiff, Point II.

Certainly, the degree over which plaintiff can control her activities in this regard has some bearing upon the ultimate determination whether or not she is disabled under the Social Security Act.[4]

It is therefore,

ORDERED, that:

(1) the defendant's motion for judgment on the pleadings is hereby denied;

(2) the plaintiff's cross-motion for judgment on the pleadings is hereby denied; and

(3) this matter is hereby remanded to the Secretary for further proceedings consistent with this Order.

---

**4.** In *Hirst v. Gardner*, 365 F.2d 125 (7th Cir. 1966), cited by defendant as authority for treating smoking as a remedial impairment that militates against a finding of compensable disability, the Court found that the plaintiff's physical incapacities resulted *only* from his *voluntary* dissipation of his physical energies by smoking and drinking (emphasis supplied) at p. 126. There the Court agreed with the defense contention that impairments resulting from alcoholism and other harmful habits (smoking) and curable by abstinence, do not qualify a claimant for Social Security benefits. As Dr. Aiello observed in his report post ALJ hearing of April 2, 1979, the plaintiff here "has tried very hard to quit smoking and has managed to drop to approximately eight cigarettes per day."