**Raymond CLIFTON, Plaintiff,**

v.

**SECRETARY OF DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. CIV–79–401.**

United States District Court,
W. D. New York.

Oct. 25, 1980.

---

Olney H. Clowe, Neighborhood Legal Services, Inc., Buffalo, N. Y., for plaintiff.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (Jack S. Penca, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff commenced this action to obtain review of the Secretary's denial of his application for disability insurance benefits. I am reversing the Secretary's decision and remanding the case for further proceedings before an Administrative Law Judge.

Plaintiff filed an application for disability benefits February 2, 1978. His application was denied April 2, 1978 and, upon his request for reconsideration, was again denied June 24, 1978. A hearing was requested and held before an Administrative Law Judge ("the ALJ") September 6, 1978. In an opinion dated October 12, 1978, the ALJ found that plaintiff was not disabled. The Social Security Administration's Appeals

Council approved the ALJ's finding March 12, 1979.[1]

Plaintiff is currently forty years of age. He was educated through two years of high school. After serving in the United States Army from 1957 to 1963, he worked as a laborer, chainman and flask-repairman for Dresser Industries. His alleged disability arises out of a series of industrial accidents. In 1971, a 2000 pound box fell on his left foot; consequently, half of the foot was amputated. Plaintiff's left knee cap was removed in 1973 as a result of several injuries thereto. In 1975 he experienced pain and numbness in his shoulders, neck and arms after lifting heavy material for several hours. He was hospitalized for about two weeks and was diagnosed as having a cervical sprain with radiculopathy. Plaintiff continued working until November 1977 when he fell down a flight of stairs at work. Throughout 1976, 1977 and 1978 plaintiff received physical therapy to relieve his back and neck pain. At the hearing, plaintiff testified that he takes Percodan and Empirin with codeine to ease his pain. He also testified that he experiences dizzy spells two or three times a day. During such spells he becomes immobile and must lie down for about half an hour.

The ALJ concluded that there was no substantial evidence that plaintiff was under a disability. Based on my review of the record I find that the ALJ committed several errors in reaching that conclusion.

■ First, the ALJ failed to give appropriate weight to the opinion of plaintiff's treating physicians, Doctors A and C. Dr. A diagnosed plaintiff as suffering from chronic cervical sprain with radiculopathy, chronic lumbosacral sprain, status post patellectomy, and status post partial amputation of the left foot. He found that plaintiff's response to treatment was "very poor" and the plaintiff was "totally disabled." Dr. C's diagnosis is consistent with

and supports Dr. A's diagnosis. The ALJ relied primarily on the findings of Doctors B and H to justify his conclusion that plaintiff was not disabled. Doctors B and H each examined plaintiff only once. In the absence of any specific explanation, the ALJ's reliance on their opinions rather than those of Doctors A and C failed to accord the latter the great weight to which they are entitled. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978); *Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir. 1974); *Tritt v. Richardson*, 320 F.Supp. 871, 873 (W.D.Va.1970). Moreover, Dr. A's opinion that plaintiff was totally disabled required the Secretary to show by substantial evidence that plaintiff was not disabled. *Bastien v. Califano, supra*, at 912. The ALJ's findings did not take account of this presumption in favor of plaintiff.

■ The ALJ also failed to properly consider subjective evidence of pain and discomfort. Plaintiff gave testimony regarding his functional limitations, lack of balance, dizziness and pain. This testimony is supported by Dr. A's medical opinion and is therefore entitled to great weight. *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979). The credibility of plaintiff's testimony must also be judged in light of his past work record and corroboration by his wife. *Id.; Thorne v. Weinberger*, 530 F.2d 580, 582 (4th Cir. 1976). If the ALJ did not fully believe plaintiff's subjective testimony, he was required to make specific findings supporting his belief. *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979); *Dobrowolsky v. Califano, supra*, at 409. He did not do so.

■ Finally, the ALJ's conclusion that the plaintiff could return to his position as a flask-repairman is contrary to the great weight of the medical evidence. In addition, the ALJ's alternative finding that plaintiff could perform sedentary work,

---

1. It appears that, subsequent to commencing this action, plaintiff reapplied for disability insurance benefits. The local office of the Social Security Administration found he was disabled and granted the application. Therefore, this action is concerned only with plaintiff's right to receive retroactive benefits. The grounds for approval of this subsequent application are unclear and do not bear on the issues raised herein.

such as a photographic technician or small parts assembler, was made without a proper factual basis. Given plaintiff's inability to return to his previous occupation, a finding that he is not disabled must be supported by substantial evidence that he is capable of performing the specific physical activities that jobs available to him require. *Dobrowolsky v. Califano, supra,* at 410; *Goad v. Finch,* 426 F.2d 1388, 1390–91 (6th Cir. 1970). Such evidence is lacking in this case. In assessing plaintiff's ability to engage in other employment, the ALJ should also have considered the side-effects of the medication taken by plaintiff.

I conclude that the Secretary's finding that plaintiff was not disabled is not supported by substantial evidence. A remand is appropriate so that the Secretary may adduce such further evidence as is warranted in view of this opinion. Therefore, I hereby ORDER that the Secretary's decision is reversed and the case remanded for further proceedings.