Cathryn **GIBBONS**, Plaintiff,

v.

**Margaret M. HECKLER, Secretary of the United States Department of Health and Human Services, Defendant.**

**No. 83 Civ. 5790 RLC.**

United States District Court,
S.D. New York.

April 13, 1984.

Michael D. Hampden, Bronx Legal Services, New York City, for plaintiff; Ruben A. Martino, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for Secretary of Health and Human Services; Nancy Kilson, Asst. U.S. Atty., Annette Blum, Regional Attorney-Region II, Department of Health and Human Services, Washington, D.C., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Cathryn Gibbons seeks review of a final order of the Secretary of Health and Human Services terminating her entitlement to Social Security disability benefits. 42 U.S.C. § 405(g). Plaintiff, now 48 years of age, worked as an obstetrics/gynecology nurse-technician until 1973, when she began receiving disability benefits due to "lower back and lower extremity pain." (Tr. 11). A determination that her disability had ceased as of June, 1981 was upheld on reconsideration and affirmed by an ALJ after an evidentiary hearing. The Appeals Council declined to review the ALJ's ruling, which thereby became the final decision of the Secretary. 20 C.F.R. § 404.981.[1] Because the administrative law judge applied a legal standard inappropriate to a termination proceeding, and because he gave inadequate consideration to the subjective evidence indicating that plaintiff suffers severe pain, the case is remanded to the Secretary for rehearing.

### I

The ALJ held that "[i]t is not necessary for the claimant's impairment(s) to have improved for disability to be ceased. Rather, the question to be resolved is whether the claimant's impairment(s) precluded substantial gainful activity at the time disability was found to have ceased." (Tr. 9–10). Again, before the court, the Secretary argues that "[d]isability ends when current evidence shows that the individual is able to engage in substantial gainful activity *regardless* of whether actual improvement can be demonstrated." Defendant's Memorandum 8 (emphasis in original). This court has recently rejected this legal standard as improperly failing to

---

1. The Appeals Council did change the month of disability cessation from June to July, 1981. (Tr. 3).

take account of the fact that the Secretary has already found the claimant to be disabled. *Mersel v. Heckler*, 577 F.Supp. 1400 (S.D.N.Y.1984) (Carter, J.). That finding of disability is final, and a proceeding to determine if the disability has ceased is not an occasion for yet another level of review of the initial entitlement decision. Rather, it is the function of a termination hearing to determine whether the claimant's medical condition, previously and conclusively held to be disabling, has improved.[2] If it has not, the Secretary may not terminate benefits merely by reversing her original decision and concluding that that condition is not, after all, disabling. *Id.*

The Second Circuit has not yet spoken on this issue, *see Wheeler v. Heckler*, 724 F.2d 262 (2d Cir.1983), but the court's holding in *Mersel* follows the lead of the Third, Fourth and Ninth Circuits. *Dotson v. Schweiker*, 719 F.2d 80 (4th Cir.1983); *Kuzmin v. Schweiker*, 714 F.2d 1233 (3d Cir.1983); *Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982). Each of those courts has ruled that a claimant faced with termination is entitled to a presumption of continuing disability. That presumption can be overcome, and benefits terminated, only if the Secretary comes forward with substantial evidence of an improvement in the claimant's medical condition. *See also Lanzissero v. Heckler*, 580 F.Supp. 1408 (E.D.N.Y.1984); *Edwards v. Secretary of Health and Human Services*, 572 F.Supp. 1235 (E.D.N.Y.1983).

 The ALJ concluded that plaintiff is not presently disabled, but made no finding that her medical condition had changed for the better since her initial entitlement to disability benefits. The court cannot, itself, apply the "medical improvement" standard to the evidence in the record because the record is largely devoid of the detailed information about plaintiff's previous medical condition that would allow the court to make such an evaluation. Accordingly, the case must be remanded for a

rehearing to determine whether there has been improvement in plaintiff's medical condition.

## II

 The ALJ also erred by failing to explain why he rejected plaintiff's claim that she suffers severe back, knee and ankle pain. In light of the fact that the ALJ found that plaintiff's initial entitlement to benefits was based on "lower back and lower extremity pain," this omission is particularly significant. Plaintiff testified that the pain is constant and that it prevents her from bending, kneeling, climbing or pushing. She told the ALJ that she can stand for no more than ten minutes, can sit for no more than five, and can walk no more than a few blocks. (Tr. 30, 35). Although it was within the ALJ's province to reject this testimony, he must justify having done so. The simple conclusory statement that "[c]laimant's subjective allegations of severe and debilitating pain are not credible," (Tr. 11), is not a sufficient explanation. *Meyer v. Schweiker*, 549 F.Supp. 1242, 1247 (W.D.N.Y.1982).

 The ALJ's duty to give reasons is especially clear where, as here, the claimant's complaints of pain are corroborated by the treating physician. *Clifton v. Secretary of Department of Health, Education and Welfare*, 505 F.Supp. 614, 616 (W.D.N.Y.1980). Dr. John Croft submitted three reports to the Social Security Administration. His report of August 18, 1981, stated that plaintiff had pain in her lower back extending into the groin and left leg, swelling, pain and tenderness in her ankles, and numbness in the toes of her left foot. Dr. Croft's opinion as to plaintiff's limited ability to walk, stand and sit was consistent with plaintiff's testimony. It was his opinion that surgery might be necessary, and he concluded that plaintiff was "totally disabled." (Tr. 108–09).

---

2. There may, of course, be reasons for terminating disability benefits wholly unrelated to the claimant's medical condition.

A more detailed report, dated January 22, 1982, diagnosed plaintiff as having a herniated lumbar disc, synovitis of the left ankle and knee, with severe swelling of the ankle. Dr. Croft found tenderness and pain in the lumbosacral area, legs and both ankles. He noted that plaintiff's back "gives out frequently," and prescribed percodan, tylenol with codeine, and talwin for pain. Dr. Croft repeated his findings with respect to the limitations on plaintiff's activities and stated that "patient is grossly unable to travel or participate in any gainful employment." (Tr. 110–13). Finally, Dr. Croft's June 22, 1982 report stated that plaintiff's back was "considerably worse," that she was in "severe pain," that she was walking with a marked list and that her back motion was "extremely limited." Dr. Croft wrote that "[i]t is my opinion that she is permanently totally disabled." (Tr. 129).

None of the other evidence in the record appears to contradict plaintiff's claims or Dr. Croft's evaluation with respect to the pain plaintiff endures. · Dr. Peter Strassberg, who examined plaintiff once, noted that she complained of pain in her back, knees and legs. On examination, he found decreased knee motion secondary to pain, decreased lumbosacral motion secondary to pain, and pain on straight leg raises. Along with hypertension and atherosclerotic heart disease, he diagnosed low back pain and osteoarthritis. (Tr. 114–16).

Dr. T. Li, who also examined plaintiff once, reported that she complained of back and ankle pain and an inability to bend, squat, climb or lift. He noted that she receives cortisone injections in her back and ankle in addition to oral pain medication. He observed that she walked with a limp, had difficulty getting on and off the examining table due, in part, to low back pain, had tenderness in her lower back and knees, and that her ankles were swollen and "excruciatingly tender to touch." He diagnosed chronic osteoarthritis of the lumbosacral spine, traumatic osteoarthritis of the left ankle, and possible rheumatoid arthritis of the right ankle.

Although some of the x-rays of plaintiff's back were negative,[3] and Dr. Li reported "no neurovascular deficits and no muscular atrophy" in the lower extremities (Tr. 135), the absence of objective clinical findings that point to a clear physiological source of pain is not a basis for rejecting subjective complaints of disabling pain. *Marcus v. Califano,* 615 F.2d 23 (2d Cir. 1979); *Meyer v. Schweiker,* 549 F.Supp. 1242, 1246–47 (W.D.N.Y.1982); *Rosario v. Secretary of Health and Human Services,* 512 F.Supp. 874, 876–77 (S.D.N.Y.1981) (Broderick, J.). Plaintiff need not show a "neurological abnormality" or "mechanical derangement of the spine" in order to prove disabling back pain. *Abeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981).

In sum, despite the fact that all the examining physicians noted that plaintiff's back and lower extremities caused her pain, despite the fact that the treating doctor, whose opinion is conclusive absent substantial evidence to the contrary, *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978), reported on three occasions that the pain was disabling, and despite the fact that plaintiff had previously been found disabled because of back and lower extremity pain, the ALJ concluded, without explaining why, that plaintiff's complaints of severe pain are not credible. On remand, the Secretary must give full consideration to plaintiff's complaints of pain, and explain her reasons should she determine that they are not to be believed.

The case is remanded to the Secretary for further proceedings consistent with this opinion.

IT IS SO ORDERED.

---

**3.** Dr. Croft reported that x-rays showed lumbo-sacral narrowing. (Tr. 111).