**Thomas FELDMEYER, Plaintiff,**

v.

**Margaret M. HECKLER,[1] Secretary of Health and Human Services, Defendant.**

**No. CIV–81–487E.**

United States District Court, W.D. New York.

May 31, 1984.

---

1. Pursuant to Fed.R.Civ.P. rule 25(d) this defendant is substituted for the defendant previously named.

Olney H. Clowe, Buffalo, N.Y., for plaintiff.

Stephen J. Baczynski, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff brought this action under 42 U.S.C. § 405(g), section 205(g) of the Social Security Act, to obtain review of a final determination by the Secretary of Health and Human Services ("the Secretary") that plaintiff was not entitled to receive disability insurance benefits after April 30, 1980. Plaintiff has moved for summary judgment on the grounds that the Secretary's final determination was not supported by substantial evidence and was affected by numerous legal errors. I am remanding this case for further proceedings because of legal error.

According to the record, plaintiff filed an application for disability insurance benefits in May 1977 and began to receive such benefits that August. The award of benefits was based on plaintiff's extreme obesity and hypertension, which combination qualified him automatically under listing 10.10 B, Appendix 1, Subpart P, Part 404 of the Regulations (20 C.F.R. 404, Subpart P, Appendix I). His body weight of 503 pounds was greater than the listing for his height and his blood pressure was greater than the listing for diastolic blood pressure.

In November 1978 plaintiff underwent an intestinal bypass operation in which a large section of his lower intestine was tied off. He stated that one of the reasons he chose to undergo this radical surgical procedure, which provided for him an estimated survival rate of only 50% (R 157), was to improve his chances of returning to work (R 99). By November 1979, when plaintiff was examined by Dr. B, his weight had fallen to 312 pounds. Dr. B noted that plaintiff experienced elevated blood pressure even with prescribed medication, an umbilical hernia, and varicose veins. Dr. B noted that plaintiff complained of considerable musculoskeletal pain which Dr. B could not fully explain. (R 141, 142.)

Plaintiff was informed by a termination notice dated May 19, 1980 (R 108) that he had ceased being disabled during November 1979 and that his entitlement to benefits had terminated at the end of January 1980. Before receipt of this notice and after Dr. B's examination, however, plaintiff apparently had undergone surgery to

repair his hernia January 15, 1980 and to remove a ureteral calculus January 18, 1980. (R 182.) On April 1, 1980 he underwent bilateral vein stripping in both legs. Plaintiff testified that following the operation, he developed hematomas in both legs (R 94) and had to keep his legs up for several months because of swelling and pain (R 94). On April 8, 1980 Dr. T, plaintiff's treating physician, informed New York's Department of Social Services, Bureau of Disability, that he believed plaintiff was totally disabled at that time because of hypertension, obesity and venous insufficiency. (R 204.)

Kidney and ureter problems continued to plague plaintiff and led to visits to the emergency room. On June 10, 1980 he requested that his termination of benefits be reconsidered. Although a disability examiner who reconsidered plaintiff's request July 16, 1980 stated that "significant problems arose following the cessation of benefits," the examiner concluded that these problems "were not disabling within the definition and criteria applied by the social security system." (R 112.) The decision to terminate was confirmed by a letter dated August 20, 1980 from the Office of Disability Operations.

Plaintiff requested an administrative hearing and such took place December 9, 1980. The only testimony taken was that of plaintiff, who was represented by an attorney. By the time of the hearing plaintiff had had surgery to remove two kidney stones in October, 1980. After the hearing, he apparently had more vein stripping in January, 1981 and unidentified surgery in May, 1981. In addition, plaintiff had elective surgery on several occasions to remove excess tissue.

The Administrative Law Judge's decision of January 7, 1981 extended disability benefits to plaintiff through April 30, 1980 with entitlement to cease June 30th. Plaintiff requested review of this decision. The Appeals Council denied his request April 13, 1981. Consequently the Secretary's decision became final. Plaintiff began this action June 16, 1981.

■ Section 205(g) of the Social Security Act provides that the Secretary's factual findings must be upheld if they are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Levine v. Gardner*, 360 F.2d 727, 729 (2d Cir.1966). The function of a reviewing court is not to make findings *de novo* but to assess whether the findings of fact are supported by substantial evidence. *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir.1981). The evidence that must be considered in determining whether an individual is disabled includes (1) objective medical facts, (2) diagnoses and medical opinions based on such facts, (3) subjective evidence of disability, such as the individual's testimony concerning pain and discomfort, and (4) the individual's educational background, age and work history. *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir.1979); *Marcus v. Califano*, 615 F.2d 23, 26 n. 2 (2d Cir.1979); *Bastien v. Califano*, 572 F.2d 908 (2d Cir. 1978). Where evidence has been evaluated improperly because of an erroneous view of law, however, the Secretary's determination will not be upheld. *Cutler v. Weinberger*, 516 F.2d 1282 (2d Cir.1975). A claimant has the burden of proving a disability which entitles him to disability insurance. *E.g. Bastien v. Califano, supra,* at 911. The claimant has the same burden when challenging a termination of benefits granted previously. *Magee v. Califano*, 494 F.Supp. 162 (W.D.N.Y.1980).

■ The Secretary concedes that plaintiff was automatically entitled to benefits at the time of his application. The Secretary had determined that plaintiff was no longer entitled to the receipt of benefits when his weight fell below the listing. After the administrative hearing had been held in December, 1980, however, the Administrative Law Judge ("the ALJ") extended plaintiff's entitlement to receive continuation of benefits to the end of the prior April. This extension of entitlement covered the period during which plaintiff had undergone surgery to repair his hernia, to remove a ureteral calculus and to strip

both legs of varicose veins. The extension did not, however, cover the period leading up to plaintiff's operation to remove kidney stones in October 1980 or his operation to strip more veins in January 1981.

In the evaluation of the evidence, the ALJ stated that, after the plaintiff had undergone bilateral vein stripping April 1, 1980, "the wounds were clean and healed well." (R 30.) The ALJ mentioned Dr. T's April 8, 1980 letter which said that plaintiff was totally disabled at that time because of his hypertension, obesity and venous insufficiency of both extremeties, but wrote, "The Administrative Law Judge has carefully considered the reports and the opinion of Dr. [T]. However, the ultimate issue whether the individual is or is not disabled is the function of the Secretary." (R 30.) The ALJ concluded, "The Administrative Law Judge does not find the claimant's testimony so impressive or the medical evidence so persuasive as to show that the claimant is unable to perform sedentary work." (R 32.) These statements by the ALJ indicate that he erred legally. Firstly, he failed to accord great weight to the opinion of plaintiff's treating physician, and secondly, he failed to make specific findings concerning plaintiff's subjective evidence of pain.

 Although the Secretary makes the final determination of a claimant's eligibility for benefits (20 C.F.R. § 404.1526), expert opinions of a treating physician as to the existence of a disability are binding on a factfinder unless contradicted by substantial evidence to the contrary. *Bastien v. Califano, supra,* at 912; *Clifton v. Secretary of Dept. of H.E.W.,* 505 F.Supp. 614, 616 (1980). Dr. T, plaintiff's treating physician, wrote in his letter only a few days after plaintiff had undergone vein stripping in both legs that plaintiff was disabled due to hypertension, obesity, and venous insufficiency. Although Dr. T's statement is brief and somewhat vague, it contradicts the ALJ's assumption that plaintiff's weight and hypertension were no longer disabling, as well as the ALJ's apparent assumption that the first vein-stripping op-

eration had cured plaintiff's venous insufficiency. The ALJ is not free simply to substitute his own conclusions for that of a treating physician. The ALJ may have had substantial evidence to overcome the weight to be accorded the treating physician's expert opinion, *Clifton v. Secretary of Dept. of H.E.W., supra,* but an ALJ must make explicit findings to enable a court to review his decision with more than mere conjecture. *Ferraris v. Heckler,* 728 F.2d 582, 587 (2d Cir.1984).

Concerning the second error of law, it has long been recognized that subjective pain can serve as a basis for establishing disability, even if such pain is unaccompanied by positive clinical findings or other "objective" medical evidence. *Ber v. Celebrezze,* 332 F.2d 293 (2d Cir.1964) *Donato v. Secretary of Dept. of Health,* 721 F.2d 414, 419 (2d Cir.1983). In this case, there is objective medical evidence to corroborate plaintiff's complaint of pain as well as his testimony of subjective pain. At the time of his application for disability benefits, he complained of considerable musculoskeletal pain, and this was duly noted by the examining physician. (R 141, 142.) Plaintiff underwent numerous operations to cure the pain caused by his venous insufficiency and kidney problems. He sought emergency room admission several times and took medicine prescribed for his pain.

At the hearing plaintiff complained of continuing pain in his legs and lower back. Some of the pain, it was noted, might be due to an ulcer. (R 74.) At one point in the hearing, he requested permission to stand to relieve his back pain. (R 76.) He testified that, until the surgical removal of his kidney stones in November 1980, he had had a "tremendous amount of pain" when he had to void. He continued:

> The pressure was intense. I constantly had an amount of severe pain * * * in the back, through the shoulder blades. I used to break out in a cold sweat, and on several occasions, at midnight and 2:00 o'clock in the morning, I was taken to the emergency room * * *. (R 97.)

Case law requires a careful analysis of a claimant's subjective evidence of pain. *Aubeuf v. Schweiker*, 649 F.2d 107 (2d Cir. 1981); *Marcus v. Califano, supra*, at 27. The ALJ stated that he did not find plaintiff's testimony "so impressive or the medical evidence so persuasive as to show that claimant is unable to perform sedentary work." This bald finding lacks the specificity required by *Marcus v. Califano*. If the ALJ did not fully believe plaintiff's subjective testimony, he was required to make specific findings supporting his belief. *Clifton v. Secretary of Dept. of H.E.W., supra*, at 616. This he did not do.

Because of the legal errors discussed above, it is ORDERED that this case be remanded to the Secretary for more specific findings concerning the weight to be accorded the treating physician's opinion and plaintiff's pain, including consideration of the credibility of plaintiff's subjective testimony.