John **MAGGIO**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant.

No. Civ–82–1058E.

United States District Court, W.D. New York.

July 9, 1984.

Sharon A. Osgood, Buffalo, N.Y., for plaintiff.

Joseph M. Guerra, III, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action under 42 U.S.C. § 405(g), section 205(g) of the Social Security Act, to review a final determination of the Secretary of the Department of Health and Human Services ("the Secretary") denying plaintiff's application for Social Security disability benefits. Plaintiff has moved and defendant has cross-moved for summary judgment.

Plaintiff, a fifty-eight year old male with a fifth grade education, worked for over thirty years as an unskilled laborer in the construction industry before an eye injury in June 1978 rendered him unable to continue working near dust or at heights above the ground. He has also worked for two years, during 1970–1972, as a security guard.

Plaintiff applied for disability benefits December 10, 1981, alleging disability due to his vision impairment, heart problems, hypertension and knee arthralgia. By notice dated February 17, 1982 his application was denied. His request for reconsideration resulted in a further denial May 13, 1982. Upon plaintiff's request, a hearing was conducted by an Administrative Law Judge ("the ALJ") July 29, 1982. The ALJ found that plaintiff was unable to perform construction work, yet could return to his past employment as a security guard. The Secretary's Appeals Council found October 29, 1982 that there was no basis upon which to review the ALJ's determination. The instant action was commenced November 16, 1982.

The principal issue presented is whether the determination by the ALJ that plaintiff could perform the duties of a security guard is supported by substantial evidence. Plaintiff asserts that the medical evidence, as well as his and a vocational expert's testimony at the administrative hearing, demonstrate plaintiff's inability to perform such work.

"Substantial evidence" has been defined "as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting from *Consolidated Edison v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). In the case at bar the relevant evidence consists of medical reports, plaintiff's hearing testimony and the testimony of Penelope Godwin, a vocational expert. Upon examination of this evidence as a whole, the ALJ's decision cannot be said to be supported by substantial evidence unless the

ALJ did not believe the plaintiff's testimony regarding pain, as well as the expert's testimony at the hearing. However, specific findings in the ALJ's decision were required, setting forth the reasons therefor, if the credibility of the claimant was questioned. *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979); *Clifton v. Secretary of Dept. of H.E.W.*, 505 F.Supp. 614, 616 (W.D.N.Y.1980).

The medical evidence before the ALJ was as follows. Dr. JFM, an opthamologist, reported that plaintiff's left eye injury causes depth perception problems at times, preventing him from climbing ladders, working in a dusty atmosphere or using dangerous machinery. (R 131–132.)* Dr. L, a general practitioner, reported that in an eight-hour work day plaintiff could walk for one hour, stand for one hour at a time and sit for eight hours. He also found limitations regarding plaintiff's ability to bend, climb and use his arms. (R 161–162.) A pulmonary specialist, Dr. JJM, found that, due to plaintiff's chronic myositis and shortness of breath upon even mild exertion, he should avoid even repetitive "assembly line" type work. (R 135–136.) Dr. F, a consulting physician, noted plaintiff's vision impairments, mild obstructive lung disease and hypertension. Dr. F reported that the results of a stress test were negative although plaintiff's symptoms were suggestive of angina and heart disease. Dr. Z found that a coronary angiogram performed on plaintiff revealed about a 75% obstruction of the circumflex artery, yet that the rest of plaintiff's arteries were normal. He diagnosed coronary artery disease, Class IIB, and mild pulmonary obstructive disease. (R 158.) Another consulting physician, Dr. C, found nonanginal chest pain, mild hypertension, a thyroid condition and no venous abnormalities. (R 121–127.)

At the administrative hearing plaintiff testified that he has recurring chest pains requiring him to take nitroglycerine tablets almost daily. He stated that the medication made him nauseous and tired. (R 47–50.) He also testified that his eye injury has caused cloudy vision that affects his good right eye and that walking half-a-block or climbing stairs causes shortness of breath. (R 53–54.) Plaintiff mentioned that an operation on his left knee also restricted his ability to bend or climb stairs. (R 54–55.) He testified that he could not perform the duties of a security guard because it involved too much walking. (R 58.)

The vocational expert, after reviewing the medical reports, corroborated plaintiff's testimony. She stated that she was familiar with the duties of a security guard and that the position involved either walking great distances or sedentary work requiring the ability to move rapidly on occasion. (R 81.) After taking note of plaintiff's age, education, work experience and medical conditions she concluded that he could not perform even sedentary work due to the stress it would generate and in view of his physical limitations. (R 76.) The vocational expert also testified that all of plaintiff's previous employment experiences involved unskilled positions and that he possessed no transferable skills. (R 74.)

Plaintiff's attorney also had notified the Secretary of relevant sections in two publications of the Department of Labor—namely, the *Dictionary of Occupational Titles* and the *Selected Characteristics of Occupations*. Plaintiff asserts that the job description of a security guard in these publications supports the vocational expert's testimony inasmuch as walking, examining, apprehending and expelling miscreants are included in the description. The Secretary is authorized to take administrative notice of these publications. 20 C.F.R. § 404.-1566(d)(1).

 The medical evidence alone presented by the plaintiff failed to conclusively demonstrate an impairment entitling him to disability benefits.[1] To establish such an entitlement, plaintiff bears the bur-

---

* Numbers in parentheses refer to pages in the administrative record.

1. At oral argument plaintiff's counsel raised the issue of plaintiff's entitlement to benefits due to meeting the listed impairment in 20 C.F.R. Sub-

den of demonstrating by medical or other evidence an inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to result in death or to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d). Where, as in this action, there is conflicting medical evidence, it is the Secretary and not the reviewing court who must resolve the conflict. *Grable v. Secretary of Health, Ed. & Welfare,* 442 F.Supp. 465, 467 (W.D.N.Y.1979). However, it is established in this circuit that complaints of subjective pain may serve as the basis for establishing disability, even if unaccompanied by objective medical evidence. *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979); *Ber v. Celebrezze,* 332 F.2d 293 (2d Cir.1964). In the instant case, the subjective evidence of claimant's chest pain and walking limitations based upon his testimony and the medical records is more than adequate to establish his disability if believed. If the ALJ did not find plaintiff's testimony credible, he was required to make specific findings in his opinion after evaluating the medical evidence, plaintiff's demeanor and other indicia of reliability. *Marcus v. Califano, supra,* at 27. Here, the ALJ's decision merely states that "claimant's pain and medication are not so disabling as to prevent him from returning to his past work as a security guard." (R 19.) Such a statement either totally rejects plaintiff's credibility or completely ignores the characteristics of the position of a security guard as described by plaintiff, the vocational expert and the Labor Department's publications. It must also be noted that where, as here, a claimant testifies to a disabling condition after over thirty years of steady work he is entitled to substantial credibility. *Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir.1979); *Clifton v. Secretary of Dept. of H.E.W.,* 505 F.Supp. 614, 616

(W.D.N.Y.1980); *Nanny v. Secretary,* 423 F.Supp. 548 (E.D.Va.1976).

■ An additional deficiency in the ALJ's opinion was the failure to consider the combined effect of plaintiff's impairments upon his ability to return to security work. The ALJ stated that plaintiff's pain and medication did not prevent him from returning to security work. (R 19.) This finding ignores the combined disabling consequences of plaintiff's heart problems, knee problems, vision impairment, lung problems and the additional tiring side effects of the medication taken for his heart disease. It is presumed that a security guard needs to be constantly alert and to be able to use his eyes throughout his tour of duty to detect possible emergencies. The ALJ's later finding that the combined impairments did not meet or equal a listed impairment is irrelevant to the key determination regarding plaintiff's ability to return to security work. Had the ALJ found that plaintiff could not have realistically performed security work, the burden would have shifted to the Secretary to show the existence of other jobs in the national economy that plaintiff could perform. Once it has been shown that the claimant cannot perform his past relevant work, the Secretary must produce evidence of alternative gainful work which plaintiff could perform considering his physical capacity, age, education and training. *Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980).

A remand of this action is required for specific findings regarding plaintiff's credibility and also the combined effect of his impairments on his ability to return to security work. It would also be helpful for the Secretary to set forth the particular tasks involved in plaintiff's past security employment so that a reviewing court can evaluate whether a decision stating that

part P, Appendix 1, § 4.04(B)(7)(b)—ischemic heart disease with chest pain of cardiac origin with angiographic evidence showing a 70 percent or more narrowing of a proximal coronary artery. If plaintiff does have such an impairment which meets the durational requirement for disability, he would be entitled to benefits regardless of his work experience. *See* 20

C.F.R. § 404.1520(d). However, Dr. Z's report (R 158), indicating a 75% obstruction of the circumflex artery does not state whether this is the left or right artery, so that it is impossible to determine at this point whether a *proximal* coronary artery is involved. *See* Appendix 1, § 4.00(H)(3)(b). Upon remand this issue can be more accurately examined.

plaintiff can return to the particular former work, if such determination is reached again, is supported by substantial evidence in the record. Admittedly, such detailing would not be relevant if the expert testimony or other reliable showing is that "security work" does not lend itself to fragmentation. Should the Secretary find that plaintiff cannot realistically perform security work (or such security work), an award of benefits would be required in view of the uncontradicted evidence in the record and the Secretary's promulgated Residual Functional Capacity tables which point to classifying as "disabled" a person such as plaintiff, of advanced age, with less than limited education, and with unskilled, or semi-skilled non-transferable prior work experience. *See* 20 C.F.R. Subpart P, Appendix 2, Tables No. 1 and No. 2 (sedentary or light work capabilities).

For the reasons set forth above, the motions for summary judgment are hereby ORDERED denied and this action is hereby ORDERED remanded to the Secretary for further proceedings consistent with this decision.