Daniel W. COLE, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. Civ-83-185E.

United States District Court,
W.D. New York.

July 9, 1984.

Jeffrey M. Freedman, Buffalo, N.Y., for plaintiff.

Cheryl S. Fisher, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM

ELFVIN, District Judge.

In this action to review defendant's termination of plaintiff's Social Security disability insurance benefits defendant has moved for summary judgment.

Plaintiff is a thirty-five year-old man with education through one year of college. He was last employed July 1977 as an automotive assembly line worker. (Record ["R"] 30, 39) and previously worked as a computer programmer from 1970 to 1972 (R 156).

On February 15, 1978 he filed an application for disability benefits due to his severe asthma and chronic bronchitis. (R 117–120.) He was awarded a period of continuing disability commencing July 25, 1977 due to these impairments. (R 130.) By a letter dated January 21, 1982 defendant notified plaintiff that disability benefits were to terminate March 31, 1982 inasmuch as it had been determined that plaintiff had "regained" the ability to engage in substantial gainful activity as of December 1981 (R 121–123). The cessation decision was affirmed on reconsideration (R 125–126) and upon plaintiff's request a hearing was held before an Administrative Law Judge ("ALJ") August 6, 1982 (R 25–116). The ALJ found that plaintiff's conditions did not meet defendant's "Listed Impairments" for establishing disability in 20 C.F.R. Part 404 Subpart P, Appendix 1 nor did his impairments prevent plaintiff from performing his past relevant work as a computer programmer. (R 14–19.) The

ALJ's findings became defendant's final determination when approved by the Appeals Council January 28, 1983 (R 4–5).

■ The principal issue to be determined by this Court is whether defendant's decision that plaintiff's disability ceased in January 1982 is supported by substantial evidence. In view of the substantial errors committed by the ALJ in improperly applying defendant's "Listed Impairments", in failing to consider the cumulative effects of plaintiff's various impairments and side effects due to numerous medications, and in disregarding without proper justification plaintiff and his father's testimony as well as the reports of plaintiff's treating physician, defendant's decision must be reversed and remanded for further proceedings.

Section 404.1520(d) of 20 C.F.R. provides that a claimant is considered disabled within the meaning of the Social Security Act if he has an impairment listed in Appendix 1 or an equivalent impairment which can be expected to result in death or to last for a continuous period of not less than a year. Section 3.03 B of Appendix 1 lists asthma with episodes of severe attacks "in spite of prescribed treatment, occurring at least once every 2 months, or on an average of at least 6 times a year and prolonged expiration with wheezing or rhonchi between attacks" as a disabling impairment. Section 3.00 C of Appendix 1 defines the criteria for episodic asthma:

"When a respiratory impairment is episodic in nature, as may occur in complications of bronchiectasis and asthma bronchitis, the frequency of severe episodes despite prescribed treatment is the criterion for determining the level of impairment. Documentation for episodic asthma should include the hospital or emergency room records indicating the dates of treatment, clinical findings or presentation, what treatment was given and for what period of time, and the clinical response. *Severe attacks of episodic asthma, as listed in § 3.03B are defined as prolonged episodes lasting at least several hours, requiring intensive treatment such as intravenous drug administration or inhalation therapy in a hospital or emergency room."* 20 C.F.R. Part 404 Subpart P, Appendix 1, § 3.00 C. (Emphasis added.)

The ALJ found that plaintiff's condition did not meet the requirements of section 3.03 B because "the claimant has not been hospitalized or seen at the emergency room since October 1979." (R 18). This statement ignores the language of section 3.00 C that the severe asthma attack require intensive treatment *such as* inhalation treatment in a hospital setting. Plaintiff's and his father's testimony established that he had suffered nearly twice the required number of yearly severe attacks (R 59–60, 98) and that he has learned over the years how to self-administer inhalation therapy by purchasing and utilizing an Intermittent Positive Pressure Breathing machine. (R 59–61.) The severity and frequency of plaintiff's attacks are noted in the reports of his treating physician, Dr. V., who concludes:

"Because of his serious condition of asthma and bronchitis with frequent recurrences and failure to obtain adequate control even with extensive and continuous medication, [plaintiff] has a very severe impairment of his respiratory function. I believe he meets the criteria of disability contained in the Federal Regulations, Section 3.03B." February 12, 1982 Report (R 188).

In a letter dated July 30, 1982 Dr. V. reports that plaintiff had not attained any improved control of his asthma and bronchitis. (R 195.) In a letter dated November 11, 1982 Dr. V. explains further:

"Mr. Cole does require a high dose and multiple medications which result in inadequate and poor control of his asthma. He does require prolonged and indefinite medical care and with reasonable certainty can be expected to have severe recurring attacks, at least 6 times yearly, which last many hours at a time and require even more intensive inhalant and injectable medication for their control. Fortunately Mr. Cole has been instructed how to handle his attacks short of ap-

pearing in the emergency room. I doubt that such appearance can be justified as an absolute necessity for meeting the criteria of Section 3.03B." (R 197.)

The ALJ's improper application of sections 3.03 B and 3.00 C in interpreting them to require hospitalization for inhalation treatment in order to establish intensive treatment of severe asthma attacks requires a remand of this case to the Secretary. In view of the uncontradicted medical and testimonial evidence regarding these asthma attacks, it further appears that benefits should be retroactively awarded unless defendant can justify discrediting plaintiff's and his father's testimony as to the frequency, intensity and duration of these attacks as well as Dr. V.'s reports of the unsuccessful prescribed treatments and prolonged expiration with wheezing between plaintiff's attacks.

■ It is further noted that the ALJ failed to consider whether plaintiff's condition was the equivalent of a listed impairment, and the cumulative effects of plaintiff's bronchitis, asthma, obesity and side effects of nausea and drowsiness attributable to the twelve different medications he must take. The ALJ utilized the often and properly criticized "sit and squirm" index and his opinion that plaintiff's testimony was self-serving "especially since the claimant has a strong financial interest in establishing and maintaining a disability" (R 18) merely states a truism and fails to provide the specific evaluation of credibility required in this circuit. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979); *Clifton v. Secretary of Dept. of H.E.W.*, 505 F.Supp. 614, 616 (W.D.N.Y.1980). An ALJ must indicate that he has evaluated valid indicia of credibility such as a claimant's demeanor, evasiveness of answers, inconsistencies in his testimony and/or contradictions with other evidence, before a claimant's assertions of severe impairments can properly be discredited.

In accordance with the foregoing defendant's motion for summary judgment earlier was denied, the defendant's decision was reversed and this case was remanded to defendant for further proceedings consistent with this memorandum.