**Frank MASELLA, Plaintiff,**

**v.**

**Margaret M. HECKLER,[1] Secretary of the Department of Health and Human Services, Defendant.**

**No. CIV–80–449E.**

United States District Court,
W.D. New York.

Sept. 7, 1984.

Peter M. Jasen, Buffalo, N.Y., for plaintiff.

Matthew J. Murphy, III, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

---

1. She has been substituted as defendant pursu-   ant to Fed.R.Civ.P. rule 25(d).

MEMORANDUM and ORDER

ELFVIN, District Judge.

This action was commenced to review a final determination of the Secretary of Health and Human Services ("the Secretary") denying plaintiff's application for disability insurance benefits. 42 U.S.C. § 405(g). The Secretary has moved for summary judgment.

Plaintiff claims to be disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d), due primarily to a back condition. He applied for disability insurance benefits December 16, 1977 and was denied the same both initially and after reconsideration. A hearing was held September 11, 1979 before an Administrative Law Judge ("the ALJ") who, after considering the evidence and hearing the testimony of plaintiff and his wife, found that plaintiff is not disabled. This decision was approved by the Appeals Council of the Social Security Administration April 4, 1980 and thereby became the Secretary's final decision.

Plaintiff was born in Italy in 1910. He received six years of formal education there and briefly attended night school to learn basic English upon his arrival in the United States in 1946. He was employed at Bethlehem Steel Corporation from 1949 until 1977 and most recently worked as a crane operator.

In 1971, plaintiff underwent a laminectomy to repair a ruptured disc in his back. He was involved in an auto accident December 1977. Tests at the time showed no potentially serious or long-lasting effects on plaintiff's health but he has increasingly complained of severe pain in his neck and back and frequent headaches. Additionally, he complains of difficulty in using his hands early in the morning, hay fever, and a hernia. A psychiatric evaluation reveals that plaintiff suffers from anxiety and occasional depression. To control the symptomatology of his various maladies, plaintiff takes some twenty different medications. From the record it appears that such medication includes Librium or Pheno-barbital for insomnia, Escot, Donphen or Tagement for stomach problems, and Tylenol, Datril, Ascriptin or Buffadyne for headaches. Plaintiff also takes Tetracycline, Actifed (for hay fever and head colds), Parafon Forte and X-Otag Plus (muscle relaxants), Alu K–H (to relieve stomach pain), Butal Compound and Azolid-A (for pain relief), and Librax (a stomach relaxant). In addition plaintiff occasionally receives injections of Kenalog, Dexamethasone and Athrolate to relieve back pain.

For purposes of determining an individual's eligibility to receive disability insurance benefits, a disability is defined as:

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. § 423(d)(1)(A).

An individual is disabled only if his impairments are so severe that he is prevented from performing his previous work and any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). *See, Parker v. Harris,* 626 F.2d 225, 230 (2d Cir.1980). The evidence which must be considered in determining whether an individual is disabled includes: (1) objective medical facts; (2) diagnoses and medical opinions based on such facts; (3) subjective evidence of disability, such as the individual's testimony concerning pain and discomfort; and (4) the individual's educational background, age and work history. *Rivera v. Harris,* 623 F.2d 212, 216 (2d Cir.1980); *Marcus v. Califano,* 615 F.2d 23, 26, n. 2 (2d Cir.1979); *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978).

In an action to review the Secretary's determination that an individual is not disabled for purposes of receiving disability insurance benefits, the Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). The reviewing court is not to determine *de novo* whether an individual is disabled, but only

whether the Secretary's findings are supported by substantial evidence. *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir.1981). If the Secretary has improperly evaluated evidence due to legal error, the Secretary's decision may not be upheld. *Marcus v. Califano, supra*, at 27.

On September 15, 1981 I entered a decision remanding this case to defendant for evaluation of the cumulative effect of these medications upon plaintiff's ability to perform substantial gainful work. I noted at the time that the ALJ had said at the hearing that he would consider whether the plaintiff is disabled "based solely on his medication." I ruled that the ALJ, having said that he would deal with this issue, should have done so and that it would be proper for the ALJ to consider the effect of plaintiff's medications both alone and together with his disabilities or impairments in evaluating his claim for benefits.

On remand the ALJ who had conducted plaintiff's hearing examined the tape of the hearing and concluded that he had not said that he would determine plaintiff's status "based solely on his medication," but rather "based solely on his medical condition." (Supplementary Record ["SR"] 215.) The ALJ, in his decision on remand, noted that neither plaintiff, his wife, his attorneys nor his treating doctor had suggested any adverse effects upon plaintiff from his medications. (SR 216–217.) The ALJ noted further that the burden is not upon the defendant to show that a claimant is not disabled, but is upon the claimant to establish his disability, and concluded that plaintiff is not under a disability within the meaning of the Social Security Act.[2] (SR 217.) This decision became the final decision of defendant when it was adopted by the Appeals Council January 29, 1982.

■ When a claimant for disability benefits has established his inability to return to his or her former employment, the burden shifts to the Secretary to show the existence of suitable alternative jobs in the national economy which plaintiff could perform, considering his physical capability, his age, and his education and training. *Parker v. Harris, supra*, at 231. Subsequent to the entry of my decision remanding this case to defendant, the United States Court of Appeals for the Second Circuit had decided, in *Campbell v. Secretary of Dept. of Health, etc.*, 665 F.2d 48, 53–54 (2d Cir.1981), that in order to discharge this burden the Secretary must introduce evidence of the existence of suitable alternative jobs, providing the claimant an opportunity to prove that he or she is incapable of performing those jobs. Plaintiff urged that the *Campbell* decision required that his case be remanded for procedures in accord with its dictates. However, such decision subsequently has been reversed (*Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983)). The ALJ in this case found that, although plaintiff was under a disability that prevented his return to his heavy and medium to heavy unskilled work of approximately a decade before his 1977 accident, he retained the residual functional capacity to do the "essentially light" work that he had done from 1970 to 1977—viz, crane operator—or the light work that he had done for three years before that—to wit, branding steel beams. Thus the ALJ determined that plaintiff had not met his burden of proving inability to return to his former employment, which is a prerequisite for shifting the burden to defendant of showing the existence of jobs available to one with a claimant's residual functional capabilities.

■ Plaintiff's description of his experience of pain and his physical limitations is not obviously inconsistent with an ability to perform the duties of his past employment as a crane operator (See R 49–53; 59–62; 73–76), albeit that it appears that, even

---

2. The ALJ also stated, for the first time, that the credibility of plaintiff's testimony regarding his medical history was questionable. The ALJ failed to note the effect, if any, of this finding on his decision and, as it was not supported by reference to any specific reasons for rejecting plaintiff's credibility, it shall be disregarded. *See Marcus v. Califano, supra*, at 27; *Clifton v. Secretary of Dept. of H.E.W.*, 505 F.Supp. 614, 616 (W.D.N.Y.1980).

before plaintiff had stopped working after his 1977 accident, he had performed the crane operation duties with a high degree of discomfort and strain (R 59–62). However, his treating physician of several years, whose opinions are entitled to special weight (*see, e.g., Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981)) opined in 1979 that plaintiff could never squat, crawl or climb and could only occasionally bend or reach above shoulder level, and could stand during the course of an eight-hour workday for a total of only 2–3 hours. (R 180.) This estimate of residual capacity is inconsistent with an ability to perform plaintiff's past work as a brander, which was performed standing. (R 47.) It seems likely that, had the ALJ inquired into the duties of a brander more thoroughly, it would have been brought out that the work also required considerable bending and other bodily manipulations. The ALJ's determination that plaintiff could return to his past work as a brander is not supported by substantial evidence.

On the present record I am also unable to conclude with certainty that the ALJ's determination that plaintiff is physically able to return to his former employment as a crane operator is supported by "substantial evidence"—*i.e.,* by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion (*Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). Plaintiff's treating doctor opined that plaintiff is moderately restricted from being around moving machinery and driving automotive equipment and totally restricted from activities involving unprotected heights. These indications imply that plaintiff would be unable to coordinate his movements sufficiently to ensure the safety of himself and others, were he to attempt to perform the difficult and dangerous work of a crane operator (*see* R 49–53). The reasons for the doctor's apparently low opinion of his patient's motor skills is not shown; it may have been due to his assessment of plain-

tiff's nervous condition, of plaintiff's muskuloskeletal weaknesses, or of the effect of the medications that plaintiff takes for pain and nervousness. The ALJ ought to have considered the relevance of these functional limitations—which he recited in his decision—to plaintiff's continued ability to perform as a crane operator.

That neither plaintiff nor his wife raised the matter for consideration is not a complete justification of the ALJ's failure to inquire as to the effect of plaintiff's medications upon his ability to perform substantial gainful activity. The fact that a claimant is represented by counsel does not absolve the ALJ from his abiding responsibility to develop fully the facts of the claimant's case in a non-adversarial fashion consistent with the broadly remedial purposes of the Social Security Act. *See, e.g., Richardson v. Perales, supra,* at 400, 91 S.Ct. at 1426; *Arms v. Gardner,* 353 F.2d 197 (6th Cir.1965). If upon remand it is determined that plaintiff is unable to return to his former employment as a crane operator, the burden of proof will of course shift to defendant.

In accordance with the foregoing it is hereby ORDERED that the decision of the Secretary is reversed and that the case is remanded for further proceedings consistent with this decision.