**Francisca ANAYA, Plaintiff,**

v.

**Margaret M. HECKLER,[1] Secretary of Health and Human Services, Defendant.**

**No. CIV–81–866.**

United States District Court, W.D. New York.

Sept. 7, 1984.

---

1. Pursuant to Fed.R.Civ.P. rule 25(d), this defendant is hereby ORDERED substituted for the defendant previously named.

Joan M. Kronman, Buffalo, N.Y., for plaintiff.

Jack S. Penca, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action under 42 U.S.C. § 405(g) to review a final determination of the Secretary of Health and Human Services ("the Secretary") denying plaintiff's application for Social Security disability benefits. The Secretary has moved for summary judgment.

Plaintiff filed an application for disability insurance benefits March 28, 1977 alleging disability since 1976 due to a back injury. She is presently 50 years old, speaks very poor English, has an eighth grade education, and formerly worked as a meat packer in a frozen-food plant. Her application was granted initially, but a Social Security Termination Notice of September 22, 1979 informed her that her disability had ceased as of April 1978 and that disability benefits ended in June 1978. Plaintiff then requested and received a hearing by an Administrative Law Judge ("the ALJ") before whom plaintiff appeared without counsel. On January 11, 1980 the ALJ found that plaintiff's disability had ceased in February 1979 with benefits terminating in April 1979. The ALJ's decision became the final decision of the Secretary when it was approved by the Appeals Council.

Plaintiff underwent surgery for a herniated lumbar disc October 5, 1976. Her recovery was not as quick as had originally been expected by her doctor and plaintiff continued to suffer pain. She was awarded disability insurance benefits in September 1976 due to her back impairment. The condition of her back worsened when she was involved in an automobile accident in August 1977.

Once an individual has been determined as suffering a disability under the terms of the Act, the Secretary may thereafter suspend the payment of disability insurance benefits if it is believed that the disability has ceased. *See* 42 U.S.C. § 425. The Secretary concluded upon an investigation that plaintiff's disability had ceased as of April 1978 due to medical improvement and that therefore entitlement to benefits had ended in June 1978. Plaintiff was subsequently hospitalized in January 1979 as the result of back and tailbone problems.

Upon the record adduced at the hearing, the ALJ concluded that plaintiff's disability had not ceased as of April 1978 as alleged by the Secretary but, rather, that plaintiff's disability ceased as of February 1979. Plaintiff signed a waiver at the hearing permitting additional evidence to be entered into the record without her prior inspection or approval. Thereafter, plaintiff was examined by two physicians who submitted reports which were entered into the record. These reports, accompanied by a 1979 myologram, form the basis for the ALJ's conclusion that plaintiff was no longer disabled as of February 1979.

In his decision the ALJ found that plaintiff was "unable to speak English." Dr. R, one of the two doctors who examined plaintiff after the hearing, noted that plaintiff was severely limited in comprehending and following instructions. (Tr. at 126.) Plaintiff's communication difficulties take on additional significance in view of plaintiff's *pro se* appearance at the hearing.

 It is well-established that where, as here, a disability claimant is not represented by counsel at the administrative hearing, the ALJ has an affirmative duty to

inquire "scrupulously and conscientiously" into all relevant facts. *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir.1980). In cases in which the claimant is "handicapped by lack of counsel" at the hearing, a searching investigation of the record must be made to ensure that the claimant's rights have been adequately protected. *Ibid.* Based on the record before me and the submission of additional reports after the hearing, I conclude that the ALJ failed to protect adequately the rights of this *pro se* claimant by failing to develop sufficiently and consider all the relevant facts.

Plaintiff testified at the hearing that she is unable to work due to a herniated disc of the lumbar spine and the increased neck and back pain caused by the August 1977 automobile accident. Her husband also testified at the hearing and corroborated plaintiff's testimony. Yet, despite this testimony, the ALJ concluded that plaintiff was no longer suffering disabling pain.

■ A claimant's testimony concerning pain and suffering is not only probative on the issue of disability, but " 'may serve as the basis for establishing disability, even when such pain is unaccompanied by positive clinical findings or other 'objective' medical evidence....' " *Ibid.* (quoting from *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979)). As such, it was important that the ALJ develop the record concerning plaintiff's pain, particularly in light of plaintiff's communication barriers. Of particular relevance would have been whether plaintiff was suffering greater pain at the time of the hearing than when she had been receiving disability benefits, as it would surely be anomalous to conclude that plaintiff was no longer suffering disabling pain for disability purposes if the pain suffered was greater at the time of the hearing than when plaintiff was receiving benefits. The little information that was elicited at the hearing demonstrates that plaintiff was in fact suffering from continual pain.

■ Implicit in the ALJ's determination that plaintiff was no longer suffering disa-

bling pain was a rejection of plaintiff's testimony and the corroborative testimony of her husband. As is equally well established in this jurisdiction, if the ALJ did not fully believe plaintiff's subjective testimony, he was required to make specific findings supporting his belief. *Marcus v. Califano, supra*, at 27; *Clifton v. Secretary of H.E.W.*, 505 F.Supp. 614, 616 (W.D.N.Y. 1980). The ALJ failed, however, to articulate any reasons for discounting plaintiff's testimony.

■ The ALJ appears to have relied solely on objective evidence in determining that plaintiff was no longer disabled. Subjective symptoms such as pain and discomfort, however, may serve as a basis for establishing disability even in the absence of supporting objective medical evidence. *See Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir.1981); *Marcus v. Califano, supra*, at 27. Thus the ALJ's reliance solely on the lack of supporting objective evidence in determining that plaintiff was no longer disabled was clearly erroneous.

■ The weight that the ALJ accords to the post-hearing physicians' reports is also inappropriate. Although plaintiff signed a waiver permitting such reports to be admitted, the record contains no indication that plaintiff was aware of the effects of such action. In light of her communication difficulties and of the subjective nature of her complaints, she should have at the very least been afforded an opportunity to respond to those reports. In that plaintiff appeared *pro se*, the ALJ had a particular responsibility to ensure that plaintiff's rights were adequately protected. The inclusion of these reports without an opportunity to respond, however, falls short of fulfilling this responsibility. *See Lopez v. Secretary of the Department of Health and Human Services*, 728 F.2d 148 at 149 (2d Cir., 1984).

The Secretary's motion for summary judgment is hereby ORDERED denied, and this case is remanded to the Secretary for further proceedings consistent with this opinion.