## MARR v. RAILROAD RETIREMENT BOARD.

### No. 6566.

United States Court of Appeals
Fourth Circuit.

Argued June 3, 1953.

Decided July 9, 1953.

W. M. Styles, Asheville, N. C., for petitioner.

Myles F. Gibbons, Chicago, Ill. (David B. Schreiber, Paul M. Johnson, Chicago, Ill., and Richard F. Butler on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from a decision of the Railroad Retirement Board denying the petitioner's application for an annuity under the Railroad Retirement Act of 1937, 45 U.S.C.A. §§ 228a–228s, as amended, 45 U.S.C.A. §§ 228a–228y. The pertinent provisions of the Act are found in Sections 2(a) 4 and 2(a) 5, 45 U.S.C.A. §§ 228b(a) 4 and 228b(a) 5.

Section 2(a) 4 provides annuities for otherwise qualified:

"Individuals having a current connection with the railroad industry, and whose permanent physical or mental condition is such as to be disabling for work in their regular occupation, and who (i) will have completed twenty years of service or (ii) will have attained the age of sixty. * * *"

Section 2(a) 5 of the Act provides annuities for otherwise qualified:

"Individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment."

48

The Railroad Retirement Board (hereinafter called the Board) held that the petitioner did not qualify for an annuity under either of these provisions and he appealed, alleging error on the part of the Board with respect to both sections of the Act. Petitioner, however, has now abandoned any claim under Section 2(a) 4, so that the only question before us for review is the correctness of the Board's decision regarding petitioner's disability under Section 2(a) 5.

The Board's regulation, 20 C.F.R. 208.17, with respect to the establishment of permanent disability for any regular employment, provides, in part:

"An individual is permanently disabled from engaging in any regular employment whenever his physical or mental condition is such that he is unable to perform regularly, in the usual and customary manner, the substantial and material duties of any regular and gainful employment which is substantial and not trifling, with any employer, whether or not subject to the act, and the facts of his physical or mental condition afford a reasonable basis for an inference that such condition is permanent."

In his application for a disability annuity, filed on January 31, 1949, petitioner stated that he was born on September 15, 1900, that he had worked for the Southern Railway Company as a brakeman from September, 1918, to May, 1947, and had not thereafter had any employment, and that although he had not been disqualified by a medical officer of the Railway Company, he had relinquished his employment rights with the Company in November, 1947.

Subsequent to the filing of his application, petitioner was examined by two physicians of his own choosing and two who were specifically designated by the Board. In addition, he was given a general physical examination, an orthopedic examination and an X-ray examination by three separate physicians at the Veterans Administration Hospital at Oteen, North Carolina.

A summary of the salient findings in the medical reports bearing on his disability indicates that the diagnoses in petitioner's case were bilateral bunions and callouses on both feet, bilateral partial ankylosis of the joints of the left great and second toes, chronic arthritis of the foot joints and sacroiliac joints with sciatic nerve involvement, and arthritis of the lumbar spine. The professional opinion of several of the examining doctors was that petitioner was not able to work at his last occupation, that he was unable to stand on his feet for any length of time or do any lifting, that he would be unable to obtain employment of his kind through any employment agency, that it would be best to retire him unless he had an operative repair of bunions, and that he could do some type of work, including "any type of light work."

Dr. Kerekes, the Board's medical consultant, rendered the following opinion to the Chairman of the Board's Appeals Council:

"The majority of this (sic) conditions is not disabling and can be corrected and treated satisfactorily. The bunions and the plantar callouses are present for a long time and according to the VA report, he is wearing corrective shoes to facilitate his gait. In addition this (sic) bunions can be readily removed by an operation which is not considered a major intervention and would remove the cause of his temporary disabling condition. No change in the former decision is indicated and he is not permanently disabled for his regular occupation."

On the basis of the evidence adduced by these medical examinations, the Board found that with the exception of those conditions affecting his feet, none of the conditions diagnosed was shown to be productive of any appreciable amount of disability, that petitioner's arthritis was not shown to be severe, that there was no evidence of any destructive bone or joint disease, and that surgical repair or removal of his bunions would greatly relieve petitioner's discomfort and improve his condition. In the light of these findings, the Board concluded:

"None of appellant's disabilities, nor all of them together, are shown to be causing a permanent physical or mental

condition which would render him incapable of engaging in any regular employment, within the meaning of Section 2(a) 5 of the Act."

 With this conclusion we agree. From the record it is evident the most of petitioner's ailments are superficial and that his disabling symptoms result almost solely from the condition of his feet. It is also clear that this condition may be relieved by the use of corrective shoes, and is susceptible of operative repair by relatively minor surgery. Regardless of whether resort is made to either of these procedures, the petitioner cannot be considered totally disabled merely because he is unable to stand on his feet for any extended periods of time, or because the "work tolerance" of either foot is "extremely limited." Certainly there are many occupations of a sedentary nature which would not require petitioner to stand or move about to any discomforting extent and which he could perform capably.

Pertinent in this connection are the numerous decisions under the War Risk Insurance Act holding that the loss of a leg or the loss of the use of a leg does not constitute total disability. See United States v. Mayfield, 10 Cir., 64 F.2d 214; United States v. Weeks, 8 Cir., 62 F.2d 1030; Hanagan v. United States, 7 Cir., 57 F.2d 860.

It is well settled that upon judicial review of a decision by the Board on a claim for benefits under the Railroad Retirement Act, the function of this court is limited to determine whether the findings of the Board are based upon substantial evidence in the record and its conclusions consonant with law. Dunne v. Railroad Retirement Board, 7 Cir., 183 F.2d 366, certiorari denied 340 U.S. 854, 71 S.Ct. 71, 95 L.Ed. 626; Monahan v. Railroad Retirement Board, 7 Cir., 181 F.2d 751; Squires v. Railroad Retirement Board, 5 Cir., 161 F.2d 182.

In this case it appears that the various departments of the Board exercised commendable concern to insure that the evidence relating to the petitioner's claims was fully developed. Though there was some conflict in the medical evidence, we are satisfied that the Board's conclusion finds substantial support in the record. Accordingly, the decision of the Retirement Board is affirmed.

Affirmed.