**Lucille F. THORNE, Appellant,**

v.

**Caspar W. WEINBERGER, as Secretary of Health, Education and Welfare, Appellee.**

No. 75–1337.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 11, 1975.

Decided Jan. 19, 1976.

Deborah G. Mailman, Raleigh, N. C., for appellant.

Richard A. Olderman, Appellate Section, Civ. Div., U. S. Dept. of Justice (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Thomas P. McNamara, U. S. Atty., Raleigh, N. C., Leonard Schaitman, Atty., Appellate Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., on brief), for appellee.

Before CLARK, Associate Justice,[*] BRYAN, Senior Circuit Judge, and WINTER, Circuit Judge.

PER CURIAM:

The appellant, Lucille E. Thorne, seeks review of the decision of the Secretary of Health, Education and Welfare denying her claim for social security disability benefits. The United States District Court, on cross motions for summary judgment treated the same, respectively, as motions to affirm and dismiss under Rule 7(b)(1), Fed.R.Civ.P. *Torphy v. Weinberger,* 384 F.Supp. 1117, 1119 (E.D. Wis.1974). Finding that the Secretary's ruling was supported by substantial evidence on the record as a whole, the district court dismissed the case. We cannot agree.

Our examination of the record indicates that, contrary to the findings of the Hearing Examiner (now Administrative Law Judge), every doctor examining appellant found pain caused by degenerative arthritis or by a herniated disc. One doctor found her totally disabled to work. Another determined that she was able to carry out only 50 percent of the normal motion in her lumbar spine, which severely limited her ability to bend and lift. The claim was that this condition resulted from a bout with cancer, that radiation therapy treatment left her with a degenerative condition of the lumbar spine. Together the herniated disc and damaged lumbar spine cause her severe pain which, in our view, renders her unable to perform her duties as a sewing machine operator in a shirt factory. We, therefore, reverse and remand the case for the entry of judgment in appellant's favor, subject to the Secretary's right to show, if he can, that she can do other work of a substantial nature and that such other employment suitable to her physical condition is available as provided in the Act.

The record shows that after working in a shirt factory for some twenty-five years, Mrs. Thorne was stricken with cancer of the cervix. She began radiation therapy in April 1970, which, after three months, produced a favorable response. As often happens, however, the radiation produced side effects, including in this case inflammation of the intestines, colitis, hematuria, and cystitis cysticia, but fortunately the cancer was arrested. In March 1971, appellant was examined for severe pain in her back. Examinations over a 30-day period showed physical change in appellant's back accompanied by pain on the straight raising of her right leg at 45 degrees. The x-rays revealed a degenerative arthritic condition in the lower lumbar spine and a bilateral antalgic gait, which was pain related. She exhibited bilateral back pain with limitation of motion in the lumbrosacral joint and generalized tenderness in the lumbar area. In early 1972, x-rays of the lumbrosacral spine showed moderate changes of degenerative arthritis. The doctor at the time, Dr. Presson, considered the condition disabling. In the fall of 1972, at the request of the

---

[*] Tom C. Clark, Associate Justice of the United States Supreme Court (Ret.), sitting by designation.

Government, appellant was examined again. The examination revealed a mild round back in the thoracic area with tenderness over the lower lumbar area on pressure and proved that Ms. Thorne could carry out only 50 percent of normal motion in her lumbar spine. Straight leg raising on the right was 60 degrees and hypertrophic changes were shown in x-rays of the lumbar spine.

All of the medical experts found the existence of pain caused by degenerative arthritis or intervertebral disc disease. One doctor (Dr. Presson) found a rather severe lumbro-sacral strain with possible herniated nucleus polposus that was accentuated by lifting. The Government's doctor found definite degenerative changes in Ms. Thorne's lumbar spine accentuated by symptoms of a herniated disc, moderate functional limitation for walking long distances, stooping, bending, lifting, reaching and climbing steps. He also found a mild limitation for sitting in one position for a long time.

The subjective evidence of pain sworn to by appellant was substantiated by both family and neighbors and is uncontradicted in the record. It was described as constant with aggravation on standing, walking or sitting. The left leg becomes numb at times, and appellant's general condition precludes housework and requires that she take two rest periods each day. Ms. Thorne's daughter testified that her mother suffered blackout spells and that her nonmobility prevented her return to her old job.

Ms. Thorne's work required sitting for long periods of time, the carrying of bundles of shirts weighing some 50 pounds to and from her machine some 15 to 20 feet. Her sewing operation required her to stoop and bend to the side of her machine to secure a shirt to perform her piecework (sewing collars) and return it to a finished pile. She must complete her operation on from 800 to 850 shirts each day. It is just physically impossible for her to do so under her disability. She is now 60 years of age, has been widowed during most of her 25 years of employment and has raised five children doing piecework at the shirt factory. Ms. Thorne had never required medical attention, other than during pregnancy, until she was stricken with cancer during her employment. The evidence indicates a positive motivation for work, and her physical stamina up to the time of her cancer supports her good physical condition over the years.

■■ Clearly, there is more than sufficient evidence to support appellant's claim that her injuries prevent her from working at her job in the shirt factory. Our standard of review, however, is a narrow one. We are to determine whether the Secretary's decision is supported by "substantial evidence." If the Secretary's decision is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, then we must affirm. Cf. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In deciding a case against a claimant, it is important and preferred that specific findings be made by the Secretary and the Hearing Examiner. *Bearga v. Richardson,* 3 Cir., 500 F.2d 309, 313 (1971). The principal finding of the Hearing Examiner here, however, can only be explained by assuming that he completely disregarded the medical evidence. Contrary to his finding, all the medical evidence indicates that appellant suffered pain from either degenerative arthritis or a herniated disc. The doctors only disagreed on the extent of the incapacity the pain caused, with one determining that it was totally disabling, and another deciding that it impaired appellant by 50 percent. The Hearing Examiner's determination seems to rest on a "mere scintilla of evidence" derived from isolating each doctor's findings, rather than considering the record as a whole.

Nor do we find the opinion of the Appeals Council persuasive. Certainly, all of the medical testimony connects Ms. Thorne's unquestionable pain to her deteriorating back condition. This fact is certain whether it can be said that the condition sprang from her successful bout with cancer or not. Yet the Appeals Council would emphasize the absence of direct medical evidence of causation and ignore the actuality of her back's infirmities. Nor is the fact that

"she retains the capacity to engage in sedentary to light work activity" relevant here. It is undisputed that Ms. Thorne's job required heavy lifting, the carrying of heavy bundles, especially for a woman. In addition, the job required stooping and bending some 850 times each day in order to perform the piecework on each shirt. The medical testimony shows the futility of her attempting such a task under her present physical condition. Indeed, the findings of the Appeals Council itself sufficiently support such a conclusion by stating that her musculo-skeletal impairment limited her physical movement.

Finally, it appears that the subjective evidence of pain suffered by Ms. Thorne was entirely discounted because of weak objective findings. Such evidence indicates the existence of disability, and when found to exist must be considered seriously. *Baerga v. Richardson, supra; Brandon v. Gardner,* 377 F.2d 488, 490 (4th Cir. 1967). This alone requires reversal. *Hayes v. Celebrezze,* 311 F.2d 648 (5th Cir. 1963); *Gaultney v. Weinberger,* 505 F.2d 943, 945 (5th Cir. 1974). "Certainly it is not necessary that she or any other claimant be bedridden to come within the statute's provisions." *Thomas v. Celebrezze,* 331 F.2d 541, 546 (4th Cir. 1964). In our view the clinical findings and medical diagnoses supported by the subjective evidence overwhelmingly demonstrated the existence of disability. This shifts the burden to the Secretary to show that Ms. Thorne can do some work of a substantial nature. *Brandon v. Gardner, supra,* at 491.

The conclusion that Ms. Thorne was not disabled within the meaning of the Social Security Act, as amended, is not supported by substantial evidence viewing the record as a whole. We remand the case to the district court for entry of a judgment directing the Secretary to find that the claimant is disabled, with instructions to the Secretary that he determine the degree of disability and whether claimant can perform in any job available in the national economy.

Reversed and remanded.