807 F.2d 175
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frances R. COX, Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.
 No. 86-1025.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1986.
Decided Dec. 5, 1986.
 
 Deborah K. Garton (Hensley, Muth, Garton & Hayes on brief), for appellant; Paul S. Ceja, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services.
 Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; David A. Faber, U.S. Attorney; Sarah G. Sullivan, Assistant U.S. Attorney on brief for appellee.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Frances R. Cox appeals the judgment of the district court granting summary judgment for the Secretary of Health and Human Services in her action for disability benefits. The district court held that the Secretary's findings were supported by substantial evidence. We affirm.
 
 
 2
 Cox applied for disability insurance on August 19, 1980. She had not worked since 1974, at which time she had been an assistant manager and receptionist in a photography studio for six years. Cox is required to establish that she was disabled prior to March 31, 1980, the date she last had insured status. She alleges that she was disabled as of February 15, 1975. In support of this contention, she points to numerous ailments she had at that time and others she had later, up to and through March 1980. These included migraine headaches; arthritis of the right arm, wrist, and hand, resulting from an old injury; anxiety and other mental illness; hiatal hernia; history of peptic ulcer disease; and history of menopausal syndrome.
 
 
 3
 An Administrative Law Judge held that Cox was not disabled, and the Appeals Council denied her request for review. Cox then sought review in district court pursuant to 42 U.S.C. Sec. 405(g). Because the tape of the original hearing had been misplaced, the district court ordered a second hearing. After a de novo hearing at which Cox was represented by counsel, the Administrative Law Judge found that Cox was not disabled, and the Appeals Council adopted the recommended decision.
 
 
 4
 Cox then returned to the district court, which granted summary judgment for the Secretary.
 
 
 5
 The Social Security Act limits judicial review of the Secretary's final decision to a determination of whether, based on the record as a whole, the Secretary's findings are supported by substantial evidence. See 42 U.S.C. Sec. 405(g); Thorne v. Weinberger, 530 F.2d 580, 582 (4th Cir.1976). Substantial evidence is that which a reasonable mind would accept as adequate to support a particular conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 6
 Cox argues that the Secretary's decision was not supported by substantial evidence. She contends that the Administrative Law Judge, the Appeals Council, and the district court failed to consider the accumulated effect of all her impairments over the period in question. She argues that severe psychological impairment when coupled with her other impairments combined to render her disabled.
 
 
 7
 The Appeals Council and the district court carefully considered these contentions and found them to be without merit. The Administrative Law Judge found that Cox had numerous impairments but that the weight of evidence did not support the alleged severity of her condition. He explicitly considered her impairments "singly or in combination" in concluding that they did not prevent her from performing light work activity. See 20 C.F.R. Secs. 404.1522, 404.1567 (1986).
 
 
 8
 In its opinion adopting those findings, the Appeals Council noted that several of Cox's tests throughout the period of 1974 to 1980 revealed no abnormality. It also observed that many of Cox's more significant impairments were resolved either by surgery or by therapy. Although two doctors stated that Cox's physical and mental impairments reached disabling proportions prior to March 31, 1980, both examined her in early 1982, nearly two years after that date. The Appeals Council found that "the vast body of medical information in the record [did] not support [those] conclusions." See 20 C.F.R. Sec. 404.1527 (1986).
 
 
 9
 We agree with the district court that the Secretary's decision is supported by substantial evidence.
 
 
 10
 AFFIRMED.