862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edgar SHINGLETON, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 88-3818.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 14, 1988.
Decided: Nov. 15, 1988.
 
 James Allen Colburn, Linda Rice, Baer, Robinson & Colburn, on brief, for petitioner.
 Edward S. Hintzke, Assistant General Counsel; Stanley Jay Shuman, General Attorney; Steven A. Bartholow, Deputy General Counsel, Railroad Retirement Board, on brief, for respondent.
 Before HARRISON L. WINTER, Chief Judge, and WIDENER and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edgar A. Shingleton, on April 18, 1984, sought a disability annuity under the Railroad Retirement Act, 45 U.S.C. Sec. 231 et seq. It was denied on October 11, 1984 by the Railroad Retirement Board and again on appeal to the Director of Retirement Claims on November 15, 1984. On still further appeal, a hearing was held on May 5, 1986 by a Referee of the Bureau of Hearings and Appeals. The Referee on September 8, 1986 denied the disability annuity claim. The Railroad Retirement Board adopted the decision of the Referee on March 24, 1987 and affirmed and an appeal has been pursued to this court. Through those proceedings, as a result of attendant hearings, additional medical evidence was obtained, as well as the testimony of a vocational consultant.
 
 
 2
 Shingleton makes an appealing and sympathetic claim both on physical grounds and psychiatric grounds to support his claim for total disability. He has demonstrated inability to return to his former work activities. However, there was before the Appeals Referee competent testimony establishing his capability to perform lighter work. A physician who had treated the plaintiff on numerous occasions supported the conclusion that Shingleton was not completely incapacitated but could lift 25 pounds and do so throughout one-third of an eight hour day. The doctor reached the conclusion of no standing, walking or sitting impairment, although there were indications of a reaching and pushing or pulling impairment. The Board-designated orthopedist, after twice examining the plaintiff, gave testimony to similar effect.
 
 
 3
 A neurologist conducting a neurological examination stated that "while the patient is not fit to perform the heavy labor necessary working on a track crew, he is capable of other work not requiring repetitive lifting of heavy weights or frequent stooping and straining." Shingleton was established occasionally to tend the cash register at his ex-wife's bar, and occasionally to mow the lawn or carry out the garbage.
 
 
 4
 We conclude that Shingleton has not incontrovertibly established that his permanent physical or mental condition was such that he was unable to engage in any regular employment within the meaning of 45 U.S.C. Sec. 231(a)(1)(v). Sufficient evidence substantial in character pointed the other way, and the referee was within his rights in his manner of assembling and evaluating that evidence.
 
 
 5
 Shingleton points to references indicating that the neurologist and other medical witnesses suggested that it might be advisable to secure further neurological or medical examination. However, those making such suggestions also expressed an opinion of non-disqualification preserved in the record. In such circumstances, bearing in mind that while applicants in situations such as the present one are entitled to sympathetic treatment, nevertheless, the burden of proof remains allotted to them, and they, rather than the Appeals Referee, have the burden to seek out and supply such possible testimony, contradicting testimony already in the record.
 
 
 6
 While expressing a suggestion that a second opinion might be desirable, the neurologist and other medical personnel gave unambiguous testimony upon which the Appeals Referee was entitled to rely. Substantial evidence to support the Appeals Referee is the crucial determination. Marr v. Railroad Retirement Board, 206 F.2d 47 (4th Cir.1953).
 
 
 7
 Dr. P. Kent Thrush, an orthopedic surgeon, reported that Shingleton was "not totally disabled from all types of work" and that he would be capable of medium labor or light work. It also was established that Shingleton, born on July 19, 1947, was relatively young and would be at a disadvantage if retired for life on a railroad disability. The personal physician, Dr. Gene W. Harlow, testified that Shingleton would be able to participate in sedentary-type occupations at any time he wished to do so. The testimony supported the conclusion that there was present no psychiatric disorder having a substantial impact on Shingleton's functional capacity.
 
 
 8
 The testimony of Dr. Govind M. Patel that Shingleton's likelihood of employability[1] was very slim in view of his chronic back problems was countradicted by substantial medical evidence to the contrary. The report of Dr. Anita T. Dawson was to the effect that Shingleton could qualify for gainful employment that does not require heavy lifting or pulling with a weight restriction of 101 pounds, that a desk job with continued sitting would be prohibited, yet a position with minimal manual operations, intermittent sitting, standing, and walking could be a feasible alternative, and minimal stair climbing could be tolerated.
 
 
 9
 The Appeals Referee, while finding that Shingleton was incapacitated from returning to his past relevant work activities, which each involved heavy labor, nevertheless, concluded that he retained a residual functional capacity for light work. Thus, though the burden of proof first shifted to the Railroad Retirement Board to demonstrate that, notwithstanding the inability to perform his past relevant work, Shingleton was capable of performing other work in the national economy, the Board produced satisfactory evidence. On that question as to ability to perform other work in the national economy, the factfinder's supportable determination came down against Shingleton's claim.
 
 
 10
 The holdings in Cook v. Heckler, 783 F.2d 1168 (4th Cir.1986) and in Kelly v. Railroad Retirement Board, 625 F.2d 486 (3d Cir.1980) deal with the situation where, though the claimant's evidence is not compelling, it is also unrefuted, the countervailing fact not supported by substantial evidence. That contrasts sharply with the situation where the evidence contrary to the claimant is substantial even though rebutted. Much of that evidence fatal to Shingleton's claim emanated from those witnesses who suggested further examination.
 
 
 11
 Shingleton made subjective claims of disability due to pain. It was incumbent on the Appeals Referee in such circumstances to evaluate the impact of pain. Myers v. Califano, 611 F.2d 980, 983 (4th Cir.1980); Thorne v. Weinberger, 530 F.2d 580 583 (4th Cir.1976). The Appeals Referee assigned credibility to Shingleton's testimony regarding pain, but determined that the level of pain he was experiencing was commensurate with a finding of residual functional capacity based on assessments by his personal physicians and his own daily activities.
 
 
 12
 Shingleton alludes to the necessity to evaluate disability claims in combination rather than separately. Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir.1968). However, the Appeals Referee's decision clearly set forth that he had considered petitioner's physical condition, mental condition, pain, past relevant work, education and skills activities, exertional limitations, and nonexertional limitations, as the basis for his conclusion that petitioner had a residual functional capacity for light work.
 
 
 13
 Having found it possible, after a waiver of oral argument, to decide the issues presented on appeal from the record and the briefs of the parties, we affirm the decision of the Railroad Retirement Board.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Employability is not the issue. Rather, the statute provides that, once it is determined that an individual cannot perform his previous work, he will be considered disabled only if he cannot engage in other substantial gainful work which exists in the national economy," ... regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for work...." 42 U.S.C. Sec. 423(d)(2)(A) (1983) (the Social Security Act). The standard used to determine inability to engage in any regular employment is the same under both the Railroad Retirement Act and the Social Security Act. See Arp v. Railroad Retirement Bd., 850 F.2d 466 (8th Cir.1988)