985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary K. VIERS, Petitioner,
v.
U.S. RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-1325.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 2, 1992
Decided: February 11, 1993
 
 On Petition for Review of an Order of the Railroad Retirement Board.
 Deborah Kay Garton, HENSLEY, MUTH, GARTON & HAYES, Bluefield, West Virginia, for Petitioner.
 Marguerite P. Dadabo, General Attorney, RAILROAD RETIREMENT BOARD, Chicago, Illinois, for Respondent.
 Catherine C. Cook, General Counsel, Steven A. Bartholow, Deputy General Counsel, Edward S. Hintzke, Assistant General Counsel, RAILROAD RETIREMENT BOARD, Chicago, Illinois, for Respondent.
 REVERSED AND REMANDED
 Before PHILLIPS and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Gary K. Viers was denied a disability annuity by the United States Railroad Retirement Board (Board). See 45 U.S.C.A. § 231a(a)(1)(v) (West 1986). Adopting the findings of the hearings officer,[1] the Board ruled that Viers did not have a permanent physical or mental condition or combination of impairments that prevented him from performing any regular employment. Viers appeals, arguing that this finding of the Board is not supported by substantial evidence. We agree and therefore reverse and remand with instructions that Viers be awarded benefits.
 
 I.
 
 2
 Viers worked for the Norfolk Southern Railroad as a brakeman/ conductor and was required to perform physically demanding labor. In 1989, Viers applied for a disability annuity, claiming that he was permanently and totally disabled from performing any regular work because of degenerative disc disease and the pain associated with that condition. The record reveals that each doctor diagnosed Viers as suffering from degenerative disc disease, and various doctors noted that Viers suffered pain as a result of his condition. Indeed, medical reports established that Viers consistently complained of chronic pain. Dr. Sutherland, a treating family practitioner, and Dr. de la Piedra, a consultative orthopedist, both concluded that Viers was totally and permanently disabled as a result of degenerative disc disease. Similarly, a psychiatrist, Dr. Riaz, and two psychologists, Drs. Ballas and Demopoulos, agreed that Viers suffered from major depression, and, as a result of the combination of his physical and mental conditions, concluded that Viers was disabled and could not engage in gainful employment.
 
 
 3
 With respect to Viers' ability to work, Dr. de la Piedra concluded that because of physical impairments, Viers was unable to sit or stand for protracted periods of time or perform physical labor. Significantly, Dr. Sutherland, the only physician to complete a physical capacity form outlining Viers' ability to work, clearly diagnosed that Viers could stand or walk only two hours a day, was limited to standing or walking 15-30 minutes without interruption, and could sit only three hours out of an eight-hour day.
 
 
 4
 The hearings officer found that Viers suffered from"a lower back impairment with a degree of localized pain" and"a mental impairment which causes some limitation in [Viers'] ability to concentrate," apparently concluding that Viers has "an impairment or combination of impairments which significantly limit his ... ability to do basic work activities." 20 C.F.R. § 220.100(b)(2) (1992). However, despite the uncontradicted evidence of Viers' mental and physical conditions and his inability to engage in work, the hearings officer found that Viers' "impairments d[id] not meet singly or equal in combination any impairments listed in Appendix 1 of Part 220."[2]
 
 
 5
 Despite the uncontradicted evidence that Viers' disability precluded him from performing any work, the hearings officer nevertheless determined that Viers could stand or walk no more than four hours in an eight-hour day, could lift up to 15 pounds but should not lift objects from the floor by bending forward, and should not perform tasks that required prolonged stooping or bending. Based on these restrictions, the hearings officer posed various hypothetical questions to Dr. Janet Dingman, a vocational expert, and, based on her responses, he found that Viers maintained the residual capacity to perform limited light and sedentary work. Consequently, the hearings officer determined that Viers was not totally and permanently disabled and thus did not qualify for a disability annuity.
 
 II.
 
 6
 To receive a disability annuity, Viers must establish that he is disabled pursuant to regulations promulgated under the Railroad Retirement Act, 45 U.S.C.A. §§ 231-231v (West 1986 & Supp. 1992), found at 20 C.F.R. Part 220 (1992). Viers must prove that he "is unable to do any substantial gainful activity because of a medically determinable physical or mental impairment," see 20 C.F.R. § 220.26, which "must have lasted or must be expected to last for a continuous period of at least 12 months," see 20 C.F.R. § 220.28.
 
 
 7
 The framework for evaluating whether a claimant is disabled is set forth in 20 C.F.R. § 220.100(b). If the claimant's physical and mental impairments "significantly limit his ... ability to do basic work activities," 20 C.F.R. § 220.100(b)(2), the Board must determine whether the impairments meet the Listing of Impairments contained in Appendix 1 to Part 220. See 20 C.F.R. § 220.100(b)(3). "If the claimant's impairment or combination of impairments is not listed or is not medically equal to one which is listed in the Listing of Impairments, the Board will then review the claimant's residual functional capacity" to determine if the claimant is able to perform his past relevant work. See 20 C.F.R. § 220.100(b)(4). If the claimant cannot perform his prior occupation, "the Board will review the claimant's residual functional capacity and his ... age, education and work experience to determine if the claimant is able to do any other work." See 20 C.F.R. § 220.100(b)(5). If the Board determines that the claimant can perform other work, it "will find the claimant not disabled." Id. Conversely, "[i]f the claimant cannot do other work, the Board will find him ... disabled." Id. Where, as here, the claimant suffers from both mental and physical impairments, the Board must consider their combined effect. See 20 C.F.R. § 220.104.
 
 
 8
 Our review of a determination of the Board "is limited to determin[ing] whether the findings of the Board are based upon substantial evidence in the record and its conclusions consonant with law." Marr v. Railroad Retirement Bd., 206 F.2d 47, 49 (4th Cir. 1953). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938). The quantum of evidence necessary to establish substantial evidence is "more than a scintilla, but less than [a] preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)." If ... findings are supported by substantial evidence," this court must affirm. Id. However, if "reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary," this court is equally bound to reverse. Id.
 
 
 9
 Here, two physicians concluded that Viers was totally and permanently disabled as a result of his physical impairment, and three mental health specialists concluded that the combination of Viers' mental and physical conditions rendered him unable to engage in gainful employment. The conclusion by the hearings officer that Viers' back impairment did not render him completely unable to work was based on his misconstruction and misuse of the medical terminology used by the physicians. For example, the hearings officer found the conclusions of Dr. Sutherland not "wholly credible" because he believed that Dr. Sutherland diagnosed radiculopathy, a disease that the hearings officer found Viers did not have. Discounting these conclusions was erroneous, however, because Dr. Sutherland never diagnosed Viers as suffering from radiculopathy. This error by the hearings officer apparently resulted from the officer's confusion of the term radiculopathy with sciatica.
 
 
 10
 Additionally, the hearings officer failed to evaluate properly Viers' allegations of unrelenting pain. The hearings officer found that these allegations were not "wholly credible" because Viers did not always take his prescribed pain medication but was able to help control the pain with over-the-counter drugs; because the physicians had only prescribed non-steroidal, anti-inflammatory agents, not narcotic painkillers; and because Viers did not always do his physical therapy exercises. In reviewing a claimant's allegations of pain, this court has held "that pain itself can be disabling." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).[3] Furthermore,"while there must be objective medical evidence of" an impairment or condition that can reasonably cause pain, "objective evidence of the pain itself or its intensity" is not required. Id. Indeed, if the subjective evidence of pain is wholly discounted merely because there is little objective evidence of pain, "[t]his alone requires reversal." Thorne v. Weinberger, 530 F.2d 580, 583 (4th Cir. 1976); see also Higginbotham v. Califano, 617 F.2d 1058, 1059-60 (4th Cir. 1980). Viers consistently complained of chronic pain, and the record is replete with medical evidence to support this complaint. The discounting by the hearings officer of the severity of Viers' pain based only on the lack of objective evidence of its severity was therefore erroneous.
 
 
 11
 Drs. Riaz, Ballas, and Demopoulos agreed that Viers suffered major depression and was unable to engage in any gainful employment because of his condition. The hearings officer, however, concluded that Viers suffered only limited mental impairment based on his assessment that the unanimous opinions of the psychiatrist and psychologists lacked substantiation. This conclusion, however, is not supported by substantial evidence. For example, the hearings officer found that Dr. Riaz' conclusions were not corroborated by clinical findings. Dr. Riaz, however, observed Viers during an office visit, conducted "Serial Sevens," and assessed his capacity based on the ability to remember and repeat numbers. Similarly, Dr. Demopoulos conducted "Serial Sevens," memory tests, and observed Viers at an office visit. Dr. Ballas also conducted several tests to assess Viers' mental condition. We conclude that there is substantial evidence in the record to support the findings of these three doctors.
 
 III.
 
 12
 In sum, we find that the conclusion by the hearings officer that Viers was capable of engaging in gainful employment because he maintained the functional residual capacity for light and sedentary work is not supported by substantial evidence. Rather, the record conclusively establishes that the combination of Viers' physical and mental conditions renders him unable to engage in any type of work. Consequently, Viers is disabled, see 20 C.F.R. § 220.100(b)(5), and having met the duration requirement provided in 20 C.F.R. § 220.28, he is entitled to a disability annuity. Accordingly, the judgment is reversed and remanded with instructions to award benefits.
 
 REVERSED AND REMANDED
 
 
 [1]
 The Board originally denied Viers' claim. Viers then filed an appeal with the Bureau of Hearings and Appeals of the Board and was granted a hearing presided over by the hearings officer. See generally 20 C.F.R. § 200.2(a)(2) (1992)
 
 
 [2]
 Viers appears to argue that his condition was equivalent to one listed in the Listing of Impairments, see 20 C.F.R. Part 220, Appendix 1, Part A. Because we conclude that the hearings officer erred with respect to Viers' ability to engage in work, we do not address this issue
 
 
 [3]
 Because of the similarity of the disability provisions of the Railroad Retirement Act and the Social Security Act, this court has noted that there is "[n]o reason ... for adopting a different standard under the Railroad Retirement Act from that which the decisions have elaborated under the Social Security Act...." See Duncan v. Railroad Retirement Bd., 375 F.2d 915, 917 (4th Cir. 1967)