**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAWRENCE E. JONAS,
Petitioner,

v.                                                    No. 98-2404

U.S. RAILROAD RETIREMENT BOARD,
Respondent.

On Petition for Review of an Order
of the United States Railroad Retirement Board.
(98-86-AP)

Submitted: February 23, 1999

Decided: April 21, 1999

Before WILKINS and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth P. Hicks, Huntington, West Virginia, for Petitioner. Eric T.
Wooden, General Attorney, Steven A. Bartholow, Deputy General
Counsel, RAILROAD RETIREMENT BOARD, Chicago, Illinois, for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lawrence E. Jonas appeals from the Railroad Retirement Board's order affirming denial of a disability annuity under the Railroad Retirement Act, 45 U.S.C. §§ 231-231u (West 1994 & Supp. 1998). Jonas asserts that the hearing officer's decision was not supported by substantial evidence because the hearing officer erroneously rejected his complaints of pain, erroneously discredited the findings of one physician, and did not properly consider Jonas' combination of impairments to determine whether Jonas met or equaled a listing under 20 C.F.R. § 220, Appendix 1 (1998). Finding no error, we affirm.

The hearing officer's findings of fact as adopted by the Board are conclusive if supported by the evidence. See 45 U.S.C. §§ 231g, 335(f). Thus, our review of the findings is limited to "whether the findings of the Board are based upon substantial evidence in the record and its conclusions consonant with law." Marr v. Railroad Retirement Bd., 206 F.2d 47, 49 (4th Cir. 1953). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). Although substantial evidence is more than a scintilla of evidence, it is less than a preponderance. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Therefore, in reviewing for substantial evidence, we do not re-weigh conflicting evidence, make credibility determinations or substitute our judgment for that of the Board. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, it is the duty of the hearing officer to make findings of fact and to resolve conflicts in the evidence. See id.

After a thorough review of the parties' briefs and the decision of the hearing officer and the Board, we find that substantial evidence supports the Board's decision and affirm it. We grant Jonas' unopposed motion to submit this case on the briefs and dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED