**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT SOMMERVILLE,
Petitioner,

v.                                                                No. 99-1825

RAILROAD RETIREMENT BOARD,
Respondent.

On Petition for Review of an Order
of the Railroad Retirement Board.
(A-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)

Submitted: May 19, 2000

Decided: June 12, 2000

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Robert Sommerville, Petitioner Pro Se. Karl Theodore Blank, III,
RAILROAD RETIREMENT BOARD, Chicago, Illinois, for Respon-
dent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert W. Sommerville appeals the Railroad Retirement Board's ("Board") order affirming a hearing officer's denial of a disability annuity under the Railroad Retirement Act, 45 U.S.C.A. §§ 231-231u (West 1986 & Supp. 2000). Finding no error, we affirm in part and dismiss in part.

The Board's findings of facts (as determined by the hearing officer) are conclusive if supported by the evidence. See 45 U.S.C.A. §§ 231g, 355(f) (West 1986 & Supp. 2000). Thus, our review of factual findings is limited to "whether the findings of the Board are based upon substantial evidence in the record and its conclusions consonant with law." Marr v. Railroad Retirement Bd., 206 F.2d 47, 49 (4th Cir. 1953). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance. See Crowley v. Apfel, 197 F.3d 194, 197 (5th Cir. 1999); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Therefore, in reviewing for substantial evidence, this court does not weigh evidence, make credibility determinations, or substitute its judgment for that of the Board. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Rather, it is the duty of the hearing officer to make findings of fact and to resolve conflicts in the evidence. See Hays v. Sullivan , 907 F.2d 1453, 1456 (4th Cir. 1990).

Sommerville first contends that the Board erred by finding that he failed to proffer good cause for his failure to timely submit results of a MRI exam to the hearing officer, and therefore failed to justify reopening the record for consideration of this evidence. The record discloses, however, that Sommerville knew of the MRI prior to the hearing officer's decision but failed to notify the hearing officer that he had any intention to submit it. In fact, Sommerville fails to dispute respondent's assertion on appeal that not only did he fail to request that the record be held open, he in fact requested an expedited decision. The Board therefore properly found that Sommerville failed to establish good cause.

2

Sommerville next contends that the hearing officer erred by finding that his need for therapy for his back pain could be accommodated in an employment setting. We find that substantial evidence supports the hearing officer's finding, and affirm the Board's ultimate finding that Sommerville was not disabled from all work.

In an effort to submit new evidence, Sommerville next contends that the Board erred in not reopening his case. We note that Sommerville never appealed the Board's order denying his request to reopen. Even were the question properly presented, however, this court lacks jurisdiction to review the Board's decision not to reopen a case. See Harris v. Railroad Retirement Bd., 198 F.3d 139, 142 (4th Cir. 1999). Accordingly, we dismiss this portion of Sommerville's appeal. Furthermore, to the extent that Sommerville attempts to submit new evidence originally filed with his reopening petition, we are prevented from considering it. See 45 U.S.C.A. §§ 231(g), 355(f) (West 1986 & Supp. 2000).

Accordingly, we affirm the Board's order denying the disability annuity and dismiss the appeal with regard to the Board's order denying the petition to reopen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART

3